Ronnie Long RHEM, Appellant,

v.

The STATE of Texas, Appellee.

No. 335–93.

Court of Criminal Appeals of Texas, En Banc.

April 6, 1994.

John C. Kuhn, Alissa A. Adkins, Austin, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft and Steve Baldassano, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

OVERSTREET, Judge.

Appellant was indicted for the felony offense of possession with the intent to deliver a controlled substance, namely cocaine, Tex. Health & Safety Code Ann. Sec. 481.112 (Vernon 1990), alleged to have been commit-

ted on the 28th day of December, 1990, in Harris County. Appellant pled nolo contendere pursuant to a plea bargain agreement and was found guilty by the trial court on the 24th day of July, 1991, in the 184th District Court of Harris County. Punishment was assessed at 25–years confinement in the Texas Department of Criminal Justice, Institutional Division and a fine of $50,000. The court of appeals affirmed the conviction. *Rhem v. State*, 846 S.W.2d 870 (Tex.App.—Houston [1st] 1992). Appellant then filed a petition for discretionary review.[1]

## I. APPELLANT'S CLAIM

Appellant filed a notice of appeal stating that "Defendant appeals from the judgment of conviction in that the state did not introduce evidence into the record showing the guilt of the Defendant and there was insufficient evidence to support the conviction." The court of appeals held that a defendant who accepts a plea bargain agreement offer from the State may not appeal the issue of sufficiency of the evidence to support an essential element of the offense. *Id.* at 871. The court of appeals held that because Tex. R.App.P. 40(b)(1) [hereinafter Rule 40(b)(1) ] permits a defendant to appeal post plea defects without the trial court's permission, it impermissibly expands the scope of a litigant's right to appeal in a plea bargain case where the appellant complains of the sufficiency of the evidence. *Id.* at 874.

## II. ANALYSIS OF APPELLANT'S CLAIM

■ Appellant claims that because the State failed to offer any evidence to support the judgment of the trial court, the requirements of Tex.Code Crim.P. Art. 1.15 had not been met and that therefore the judgment must be reversed. Appellant's claims are

similar to the claims made by the appellants in *Davis v. State*, 870 S.W.2d 43 (Tex.Cr.App. 1994) and *Lyon v. State*, 872 S.W.2d 732 (Tex.Cr.App.1994).

In *Davis*, we held that the relevant portions of Rule 40(b)(1) should be read as follows:

"... in order to prosecute an appeal for a (1) nonjurisdictional defect [occurring before or after the plea], or (2) error that occurred prior to entry of the plea, the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial...."

*Davis*, at 46.

In *Lyon*, we held that Rule 40(b)(1) requires a defendant, in an appeal from a plea-bargained conviction, to obtain the court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial. *Lyon*, at 735.[2]

Appellant's notice in the instant case did not state that the trial court granted permission to appeal, or specify that the matter was raised by written motion and ruled on before trial.

## III. CONCLUSION

■ We now hold that (1) the proper interpretation of Rule 40(b)(1) does not conflict with the repealed proviso of Tex.Code Crim.P. art. 44.02; (2) Rule 40(b)(1) does not impermissibly expand the scope of a litigant's appeal in a plea bargain case when the appellant complains of sufficiency of the evidence; and (3) the prerequisites of Rule 40(b)(1) apply to appeals of sufficiency of the evidence. Accordingly, appellant's grounds for

---

1. We granted review on the following issues raised by appellant:

   1. Whether Tex.R.App.P. 40(b)(1) is void to the extent that it conflicts with the repealed provision of Tex.Code Crim.P. art. 44.02, as the First Court of Appeals held below.
   2. Whether Tex.R.App.P. 40(b)(1) impermissibly expands the scope of a litigant's appeal in a plea bargain case when the appellant complains of the sufficiency of the evidence, as the First Court of Appeals held below.

3. Whether insufficient evidence is a defect that occurs after the entry of the plea, making the prerequisites of Tex.R.App.P. 40(b)(1) inapplicable to appeals of sufficiency of the evidence.

2. The language of "any matter" should not be construed to include jurisdictional defects or errors.

review one, two and three are overruled and the conviction is affirmed.

CLINTON, J., dissents for reasons stated in his separate opinions in *Davis v. State* and *Lyon v. State.*