Michael E. MONTALBO, Appellant,

v.

The STATE of Texas, Appellee.

No. 1464–93.

Court of Criminal Appeals of Texas.

Oct. 19, 1994.

Paul J. Goeke, San Antonio, for appellant.

Steven C. Hilbig, Dist. Atty., Sharon Sarvis, and Edward F. Shaughnessy, III, Asst. Dist. Attys., San Antonio, and Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

MALONEY, Judge.

Appellant was charged with possession of cocaine. Following the trial court's denial of appellant's motion to suppress and motion to reveal the identity of the confidential informant, appellant pled nolo contendere pursuant to a plea bargain agreement. The trial court deferred adjudication of appellant's guilt and placed him on eight years probation. Appellant filed notice of appeal which alleged in part that

the matters to be appealed were raised by written pretrial motion, ruled upon prior to trial and that the trial court has given permission to the defendant to appeal other matters.

Appellant included among his points of error on appeal an attack on the sufficiency of the evidence to support the trial court's order deferring adjudication.

The State argued before the Court of Appeals that appellant was precluded from challenging the sufficiency of the evidence since he did not have the permission of the trial court, citing *Rhem v. State,* 846 S.W.2d 870 (Tex.App.—Houston [1st Dist.] 1992), *aff'd Rhem v. State,* 873 S.W.2d 383 (Tex.Crim.

App.1994), and *Morris v. State,* 749 S.W.2d 772 (Tex.Crim.App.1986). The Court of Appeals rejected the State's contention, holding on the basis of *Davis v. State,* 773 S.W.2d 404 (Tex.App.—Fort Worth 1989), *rev'd, Davis v. State,* 870 S.W.2d 43, 45 (Tex.Crim.App. 1994), that a defendant who pleads guilty or nolo contendere pursuant to a plea bargain may appeal the sufficiency of the evidence to support the plea even in the absence of permission from the trial court. *Montalbo v. State,* 865 S.W.2d 255, 256 (Tex.App.—San Antonio 1993). We granted the State's petition for discretionary review to determine whether the Court of Appeals erred in holding that appellant was not precluded from challenging the sufficiency of the evidence to support an order deferring adjudication.

The State asserts that appellant could not appeal on sufficiency grounds absent permission of the trial court, citing our recent opinion in *Davis v. State,* 870 S.W.2d at 45. *Davis* reversed the sole authority relied on by the Court of Appeals in reaching its conclusion that it had jurisdiction to address appellant's sufficiency claim. *Id.* (reversing *Davis v. State,* 773 S.W.2d at 404). The State alleges that the record is "devoid of anything that can be construed as a grant of permission to appeal the issue of sufficiency...." Appellant argues that all that is required to satisfy Texas Rule of Appellate Procedure 40(b)(1) is that the notice of appeal recite that permission to appeal was given; the record need not explicitly reflect such permission.

This case turns on a reading of Rule 40(b)(1). Rule 40(b)(1) describes what must be done in order to perfect an appeal. It provides, in relevant part, that notice of appeal

shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, *in order to prosecute an appeal for a nonjurisdictional defect or error that*

*occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.*

(emphasis added).

After the Court of Appeals' opinion in this case, this Court rendered three opinions addressing Rule 40(b)(1). *Rhem v. State*, 873 S.W.2d at 383; *Lyon v. State*, 872 S.W.2d 732 (Tex.Crim.App.1994); *Davis v. State*, 870 S.W.2d at 43. In all three cases, the defendant pled guilty or nolo contendere pursuant to a plea bargain, then challenged the sufficiency of evidence to support the plea or conviction on appeal. In these cases, unlike the case at hand, the defendant did not state in the notice of appeal that the trial court had granted permission to appeal. This Court held that the notices failed to comply with Rule 40(b)(1) and, therefore, did not confer jurisdiction on the courts of appeals to review the sufficiency claims. *Rhem*, 873 S.W.2d at 384; *Lyon*, 872 S.W.2d at 736; *Davis*, 870 S.W.2d at 46.

In light of our recent decisions in *Davis, Lyon* and *Rhem*, decided after the Court of Appeals' opinion in this case, we vacate the opinion of the Court of Appeals and remand to that court to reconsider whether appellant's notice of appeal was sufficient to confer jurisdiction to address appellant's sufficiency claim.[1]

MILLER, J., dissents.

CAMPBELL, J., not participating.

---

1. Since the Court of Appeals did not address whether recital of permission to appeal is sufficient to comply with Rule 40(b)(1), this Court is without authority to address the issue. *See Lee v. State,* 791 S.W.2d 141 (Tex.Crim.App.1990).