John Wiley PRICE, Appellant

v.

The STATE of Texas, Appellee.

No. 05–91–00346–CR.

Court of Appeals of Texas, Dallas.

Nov. 15, 1994.

James D. McCarthy, Hughes & Luce, L.L.P.; Phyllis A. Jackson, P. Jackson & Associates; and (Ronald L. Goranson, of counsel), Milner, Goranson, Udahsen & Wells, Dallas, for appellant.

Sue Korioth, Asst. Dist. Atty., for appellee.

Before BAKER,[1] MALONEY and WHITTINGTON,[2] JJ.

## OPINION ON REMAND

WHITTINGTON, Justice.

John Wiley Price pleaded guilty to misdemeanor criminal mischief ("the billboard case") after a plea-bargain agreement with the State. Following that agreement, the trial judge placed appellant on six-months' deferred-adjudication probation. While on probation, the State charged appellant with a second misdemeanor criminal mischief for damaging a windshield wiper on a motor vehicle ("the windshield-wiper case"). The jury convicted appellant on that charge, and the trial judge sentenced him to seventy-five days in jail and a $1,000 fine. On the State's motion to proceed with an adjudication of guilt in the billboard case, the trial judge considered the evidence he had heard in the windshield-wiper case, revoked appellant's probation, adjudicated his guilt, and sentenced him to seventy-five days in jail. The judge ordered the sentences in the two cases to run concurrently.

On original submission, we reversed appellant's conviction in the billboard case. We held that the trial judge's failure to provide

---

1. The Honorable Ron Chapman sat on the panel when the case was originally submitted; however, he recused himself prior to the issuance of the Court's opinion. The Honorable James Baker replaced Justice Chapman following the remand of this case by the court of criminal appeals.

2. The Honorable Mark Whittington succeeded the Honorable Annette Stewart.

appellant with the information required by article 42.12, section 5(a) of the Texas Code of Criminal Procedure rendered appellant's plea involuntary. *See Price v. State*, 846 S.W.2d 37, 40 (Tex.App.—Dallas 1992), *rev'd*, 866 S.W.2d 606 (Tex.Crim.App.1993). The court of criminal appeals reversed our decision, holding that the failure to provide such information prior to placing appellant on deferred-adjudication probation did not render appellant's plea involuntary. *Price*, 866 S.W.2d at 613. The court of criminal appeals remanded the case to this Court for further proceedings.

Following *Robinson v. State*, 790 S.W.2d 334, 335–36 (Tex.Crim.App.1990), we allowed the parties to rebrief. Appellant filed a supplemental brief and now challenges the trial judge's failure to "admonish" him under section 5(a) on state statutory grounds as well as state and federal constitutional grounds. He also maintains, in his original brief filed in this Court, that the trial judge's decision to proceed with an adjudication of guilt in the billboard case was fatally flawed because it was based on a proceeding (the windshield-wiper case) that itself denied him due process. We find each of appellant's arguments to be without merit. Accordingly, we affirm the trial court's judgment.

## BACKGROUND

Appellant was charged by information in the billboard case with misdemeanor criminal mischief. The information in the billboard case alleged that on March 18, 1990, appellant knowingly and intentionally caused damage of $200 or more but less than $750 to several billboards advertising cigarettes. Appellant signed a judicial confession that tracked the language of the information. He also entered into a written plea-bargain agreement that provided he would plead guilty and receive six months' deferred-adjudication probation and a $100 fine. On September 14, 1990, the trial judge placed appellant on six months' deferred-adjudication probation and assessed a $100 fine. The judge did not inform appellant of the possible consequences of violating probation under article 42.12.

On February 5, 1991, the State moved to proceed with an adjudication of guilt in the billboard case. The State alleged that on December 7, 1990, appellant violated his probation by committing two class-B misdemeanors. Specifically, the State asserted that appellant had (1) knowingly and intentionally damaged a windshield wiper on a motor vehicle, causing a pecuniary loss of $20 or more but less than $200; and (2) knowingly and intentionally obstructed a place used for the passage of persons and vehicles without legal privilege or authority.

Appellant pleaded not guilty to the charges in the windshield-wiper case and not true to the allegations in the State's amended motion to proceed in the billboard case. The trial judge heard the motion to proceed immediately following the jury verdict convicting appellant in the windshield-wiper case. The parties stipulated that the evidence admitted in the windshield-wiper case was the same evidence the State would introduce at the hearing on the State's motion to proceed. The parties requested the trial judge to take judicial notice of, and render his decision on, the record in the windshield-wiper case. The judge accepted the parties' stipulation, took judicial notice of the record in the windshield-wiper case, and found both allegations in the State's amended motion to be true. The trial judge then found appellant guilty of misdemeanor criminal mischief in the billboard case and assessed his punishment at seventy-five days' confinement in the Dallas County jail.

On original submission to this Court, appellant argued that the trial judge's failure to instruct him on the consequences of violating his probation, as required by article 42.12, section 5(a), rendered his plea involuntary and void. He also argued that the failure amounted to a denial of his due process rights under both the United States and Texas constitutions. Finally, appellant argued that the trial judge's decision to adjudicate guilt in the billboard case was fatally flawed because it was based entirely on the outcome of the windshield-wiper case, a proceeding which he contends denied him due process. We concluded that the trial judge's failure to instruct appellant under section

5(a) rendered his plea involuntary. *See Price*, 846 S.W.2d at 40. Thus, we did not consider appellant's remaining arguments. We reversed appellant's conviction and remanded the case to the trial court.

The State appealed our decision to the court of criminal appeals. That court reversed our decision, holding that section 5(a) did not require a trial judge to give the information included in section 5(b) to a defendant *prior* to placing the defendant on deferred-adjudication probation. *Price*, 866 S.W.2d at 613. The court of criminal appeals held that the failure to provide such information did not affect the voluntariness of appellant's plea. *Id.* That court did not address the remainder of appellant's arguments, noting that we had not reached those points on original submission. The court of criminal appeals remanded the case to this Court for further consideration of appellant's remaining arguments. In his brief on remand, appellant raises many of the same arguments he raised on original submission. He also asserts one additional argument: that the trial court's improper reference to a repealed statute in the probation order entered in the billboard case rendered his original plea null and void. We will address in turn each of the arguments remaining from appellant's original brief in this Court and those additional arguments made in his supplemental brief on remand.

## STATE STATUTORY VIOLATIONS

In his first point of error on remand, appellant maintains his guilty plea is void as a matter of state statutory law. Appellant makes two arguments under this point. First, he claims the plea proceeding was improper because it was conducted under article 42.13, section 3d(a) of the Texas Code of Criminal Procedure, a statute which was repealed at the time of appellant's plea hearing.[3] Second, he claims the plea proceeding violated article 42.12, section 5(a) of the Tex-

as Code of Criminal Procedure because the trial judge wholly failed to comply with the statute's mandatory requirement that appellant be advised of the consequences of violating his probation. Appellant maintains that the complete failure to apprise him of the consequences of violating probation requires reversal in this case. We disagree with appellant on both these points and, accordingly, overrule his first point of error on remand.

### Improper Statutory Reference

■ Appellant first argues his plea proceeding was void and in violation of the separation of powers doctrine. He reasons that the trial judge infringed upon the legislature's exclusive power to create a system of deferred adjudication by following a statute that the legislature had expressly repealed. Appellant refers us to the probation order entered in the billboard case. The order recites that appellant "elected to proceed under Article 42.13 Sec. 3d(a) of the Code of Criminal Procedure" and that the trial judge placed appellant on probation "in accordance with Article 42.13 Sec. 3d(a)." It is undisputed that article 42.13, section 3d(a) was no longer in effect at the time of appellant's plea proceeding. Nevertheless, we note that appellant never complained in the trial court that he was being placed on deferred adjudication under a repealed statute. Moreover, he never complained, as he does now, that the trial judge's order was improper or violated the separation of powers doctrine.

■ We conclude that appellant waived any complaint based on the erroneous order by failing to raise his objections in the trial court when the order was entered. *See Janecka v. State*, 823 S.W.2d 232, 244 (Tex. Crim.App.1992) (op. on reh'g). The purpose of the contemporaneous objection rule is to give trial judges the opportunity to correct errors in the trial court when those errors are made. *See Janecka*, 823 S.W.2d at 244. Here, the improper statutory recitation in

---

3. Article 42.13, section 3d(a) was repealed effective September 1, 1985. *See* Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 3, 1985 Tex. Gen.Laws 1531, 1555. At that time, the substance of the statute was merged into the provisions relating to felony deferred adjudication in Tex.Code Crim.Proc.Ann. art. 42.12, § 3d(a). *See*

Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 1, 1985 Tex.Gen.Laws 1531, 1532–49. Article 42.12, section 3d(a) was subsequently amended in 1989 and now appears as Tex.Code Crim.Proc. Ann. art. 42.12, § 5(a) (Vernon Supp.1994). *See* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3471, 3500.

the probation order could easily have been corrected by the trial judge had appellant brought the error to his attention.

■ Appellant's reliance on *Ex parte Spaulding,* 687 S.W.2d 741 (Tex.Crim.App. 1985), *Smith v. State,* 479 S.W.2d 680 (Tex. Crim.App.1972), *Smith v. State,* 424 S.W.2d 228 (Tex.Crim.App.1968), and *Compian v. State,* 363 S.W.2d 468 (Tex.Crim.App.1963) to show that the probation order in this case was "void at its inception" is misplaced. Those cases are distinguishable from the instant suit. In those cases, the judgments in question imposed punishments not authorized by law. *See Ex parte Spaulding,* 687 S.W.2d at 743; *Smith,* 479 S.W.2d at 680; *Smith,* 424 S.W.2d at 229; *Compian,* 363 S.W.2d at 469. In this case, the so-called punishment assessed (i.e. deferred adjudication) was indeed authorized by law, only under a different provision of the code. We see no reason why an order authorizing an otherwise lawful action would be "void at its inception" simply because of an improper statutory reference.

By failing to raise his complaints that the order was "void at its inception" and that it violated the separation of powers doctrine, appellant waived any complaint he may have had on these points. *See Janecka,* 823 S.W.2d at 244; *Rose v. State,* 711 S.W.2d 89, 91 (Tex.App.—Dallas 1986, no pet.) (no error presented for review where no objection made in trial court).

### Violation of Article 42.12

Next, appellant argues that his guilty plea was void because the trial court failed to "admonish" him of the consequences of violating his probation, as required by article 42.12, sections 5(a) and (b). He notes that while the court of criminal appeals may have concluded that the failure to "admonish" under section 5(a) *prior* to placing a defendant on deferred-adjudication probation does not affect the voluntariness of a defendant's plea,

it nevertheless did *not* consider the consequences of a court's *complete* failure to provide the statutory "admonishments." We agree that the court of criminal appeals did not address this issue.[4]

Article 42.12, section 5(a) states:

Except as provided by Subsection (d) of this section, when in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision. *The judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision. If the information is provided orally, the judge must record and maintain the judge's statement to the defendant.*

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1994) (emphasis added). Section 5(b) requires the trial judge to tell a defendant that:

On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1994).

---

4. In its opinion, the court of criminal appeals specifically declined to address the effect of a complete failure to admonish, stating: "[t]he Court thus pretermits any consideration of ramifications of a failure to 'inform' a defendant *after* the court renders its decision to place him on probation." *Price,* 866 S.W.2d at 613 n. 10 (em-

phasis in original). While the court suggested that such a failure would not have any retroactive effect on the *voluntariness* of a defendant's plea, *see id.,* it did not consider the possible consequences of a complete failure to comply with the statute's mandatory provisions.

We note initially that the highlighted portion of section 5(a) requiring trial judges to inform defendants of the possible consequences of violating probation represents a change from the old version of the statute, which contained no such requirement. *See* Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 1, 1985 Tex.Gen.Laws 1531, 1532–49 (repealed). The statute's language is mandatory. *See Sodipo v. State*, 815 S.W.2d 551, 553–54 (Tex.Crim.App.1990) (terms "must" and "shall" are synonymous and are usually mandatory when used in statutes).[5] Despite the statute's explicit language, the trial judge completely failed to "admonish" appellant of the information contained in section 5(b).[6]

■ We conclude the complete failure to comply with the section 5(a) requirements, as occurred in this case, constitutes error. Nevertheless, this conclusion does not end our analysis. In certain circumstances, the court of criminal appeals has concluded that a violation of a mandatory statute is not subject to a harmless error analysis. *See Smith v. State*, 648 S.W.2d 695, 696 (Tex. Crim.App.1983) (violation of jury shuffle statute); *Peters v. State*, 575 S.W.2d 560, 561 (Tex.Crim.App. [Panel Op.] 1979) (time required for appointed counsel to prepare for trial); *Johnson v. State*, 567 S.W.2d 214, 216 (Tex.Crim.App. [Panel Op.] 1978) (time allowed for filing pleadings). However, it has typically done so only when the record does not contain any concrete data from which an appellate court can meaningfully gauge or quantify the effect of the error. *See Sodipo*, 815 S.W.2d at 554. We do not believe this to be such a case. Here, the effect of the trial court's error can be discerned from the record on appeal. Thus, we may consider the

ultimate effect of the court's error and the resulting harm, if any, suffered by appellant. Because we conclude the record in this case affirmatively demonstrates appellant was not harmed by the trial judge's omission, we conclude reversal is not warranted. *See* TEX. R.APP.P. 81(b)(2); *see also Roberts v. State*, 784 S.W.2d 430, 437 (Tex.Crim.App.1990) (recognizing that violation of mandatory statute does not always merit reversal).

The court of criminal appeals has already held that the failure to "admonish" appellant prior to placing him on deferred-adjudication probation did not render his guilty plea involuntary. Appellant makes no other arguments regarding the voluntariness of his plea. Appellant also makes no specific argument regarding the harm he suffered as a result of the trial judge's failure to "admonish" him under sections 5(a) and (b). He merely states that "[a]t no time was he aware of the consequences of his guilty plea" and that he did not have a "full understanding of the ... likely consequences" of violating his probation. If appellant had been informed of the consequences of violating his probation under 5(b) after being placed on deferred adjudication and did not wish to be bound by those provisions, his alternative was to proceed to an immediate adjudication of guilt under section 5(a). *See* TEX.CODE CRIM.PROC. ANN. art. 42.12, § 5(a) (Vernon Supp.1994) (authorizing defendant to proceed with an immediate adjudication of guilt within thirty days after entry of deferred adjudication). Thus, the only harm appellant could have suffered as a result of the trial judge's failure to "admonish" him was the loss of his right to proceed with an immediate adjudication of

5. Although the term "shall" may sometimes be construed as permissive rather than directory, the court of criminal appeals has stated that when determining whether "shall" is meant to be mandatory or permissive, courts must give "shall" the meaning that best expresses the legislature's intent. *See Sodipo*, 815 S.W.2d at 554. In this case, the legislature specifically amended section 5(a) in 1989 to require the giving of "admonishments" to defendants in deferred-adjudication cases. The legislature chose the word "shall" in crafting the statute's requirement and did not include any qualifying language. We conclude from the absence of any qualifying language that the legislature intended to make the

statutory requirements mandatory rather than permissive.

6. Although the State argues that the trial judge did provide "some" of the admonishments required under section 5(a), we do not agree. The trial judge's sole statement to appellant regarding his deferred adjudication was that "this will not be a final conviction unless you violate the terms of this probation during the coming six months." We do not believe this statement, standing alone, conveyed the type of information required under sections 5(a) and (b). Accordingly, we proceed as if no "admonishments" were given in this case.

guilt. We conclude appellant was not harmed by his inability to proceed with an immediate adjudication of guilt in this case.

First, appellant's right to appeal was not denied or limited in any way as a result of his failure to proceed with an immediate adjudication of guilt. Article 42.12, section 5(b) specifically provides that "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, *and defendant's appeal* continue as if the adjudication of guilt had not been deferred." TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1994) (emphasis added). The language of the statute indicates that we are to treat appellant's appeal following an adjudication of guilt exactly as if the trial judge had never entered deferred adjudication. Thus, the record before us is identical to the one we would have had, had no deferred adjudication been entered. Because appellant has the exact same right to appeal that he would have had if the trial judge had not imposed deferred adjudication, we conclude that his right to appeal was not in any way affected or abridged by the court's failure to "admonish" in this case.

Second, we conclude that appellant was not harmed by the imposition of sentence after the trial judge granted the State's motion to proceed to adjudication. Had appellant been told of the consequences of violating his probation and decided to proceed with an immediate adjudication of guilt in the billboard case, the trial judge could have sentenced him to a maximum of one year in jail and a $2,000 fine. *See* Act of May 23, 1973, 63rd Leg., R.S., ch. 399, § 12.21, 1973 Tex.Gen. Laws 885, 907, *amended by* Act of May 2, 1991, 72nd Leg., R.S., ch. 108, § 1, 1991 Tex.Gen.Laws 681, 681. Here, the trial judge, after granting the State's amended

motion to proceed, sentenced appellant to seventy-five days in jail. This is substantially below the maximum punishment appellant could have received. Moreover, the trial judge ordered the seventy-five day sentence to run concurrently with the seventy-five day sentence assessed in the· windshield-wiper case. Because appellant's sentence was substantially below the maximum authorized by law and the sentence was ordered to run concurrently with the sentence ordered in a separate case, we conclude that appellant was not harmed by the sentence imposed in this case.

On the record before us, we conclude that appellant was not harmed by the trial judge's failure to provide the "admonishments" required by article 42.12, sections 5(a) and (b). We overrule appellant's first point of error on remand.

## CONSTITUTIONAL VIOLATIONS

◼ In his second point of error on remand, appellant argues the trial judge's failure to provide the section 5(a) "admonishments" violated his due process rights under the United States Constitution.[7] Analogizing to cases brought under article 26.13 of the code of criminal procedure, appellant argues that the failure to "admonish" a defendant of the consequences of violating probation denies a defendant due process of law. He argues that the recent amendment of section 5(a) to include such "admonishments" evidences an intent by the legislature to give effect to these very due process concerns. We do not agree that the legislature's actions in amending section 5(a) can be read as creating due process rights where none previously existed.

In *McNew v. State,* 608 S.W.2d 166 (Tex. Crim.App. [Panel Op.] 1978), the court of criminal appeals held that the failure to "ad-

---

7. Although appellant also claims a due process violation under the state constitution, he makes no separate argument and provides no separate analysis on this point. Because he has not shown how the protections under the state constitution differ from those provided by the federal constitution, we conclude appellant has waived any arguments based on the state constitution.

*See Muniz v. State,* 851 S.W.2d 238, 251 (Tex. Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993) (appellate court need not address state constitutional claims where appellant fails to provide separate substantive analysis under state constitution). We address here only appellant's arguments as they relate to the federal due process clause.

monish" a defendant of the consequences of violating deferred-adjudication probation did not violate the defendant's rights to due process. *Id.* at 172–73.[8] We are bound by the court of criminal appeals' reasoning in this regard. Appellant maintains that *McNew* does not control here because it involved the construction of a predecessor statute to article 42.12, section 5(a)—one that did not require the giving of such "admonishments." We disagree.

The fact that section 5(a)'s predecessor did not require trial judges to "admonish" defendants on certain post-revocation contingencies and the state legislature has now decided to require otherwise does not raise the absence of such "admonishments" to federal constitutional dimensions. Texas courts have repeatedly recognized that state law may provide individuals with rights in excess of those required under the federal constitution. *See Heitman v. State,* 815 S.W.2d 681, 682–83 (Tex.Crim.App.1991); *Johnson v. State,* 864 S.W.2d 708, 718 (Tex.App.—Dallas 1993, pet. granted); *Highwarden v. State,* 846 S.W.2d 479, 481 (Tex.App.—Houston [14th Dist.] 1993), *pet. dism'd, improvidently granted,* 871 S.W.2d 726 (Tex.Crim.App. 1994); *Kelley v. State,* 676 S.W.2d 646, 648 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). This is precisely what has occurred here.

The legislature, in amending article 42.12, section 5(a), apparently concluded that defendants given deferred-adjudication probation must be informed of the consequences of violating that probation. Nevertheless, its decision to do so did not, and could not, create any federal constitutional rights where none previously existed. *See McNew,* 608 S.W.2d at 173. Accordingly, we conclude

that the failure to "admonish" a defendant under section 5(a) does not implicate due process. We overrule appellant's second point of error on remand.

## DUE PROCESS CONSIDERATIONS IN PROCEEDINGS TO ADJUDICATE

In his second point of error on original submission, appellant made the additional argument that the decision to proceed with an adjudication in the billboard case was fatally flawed because it was premised on the outcome of a proceeding (the windshield-wiper case) that itself denied him due process.[9] Appellant claims, in essence, that he had no meaningful hearing in the windshield-wiper case and that because the windshield-wiper case provided the evidentiary foundation for the decision to proceed in the billboard case, he was necessarily denied due process in the billboard case as well. Again, we cannot agree with appellant's reasoning.

We note initially that appellant's complaints regarding the judge's decision to proceed with an adjudication of guilt in the billboard case are improper. Article 42.12, section 5(b) specifically states that "[n]o appeal may be taken from [the] determination [to proceed with an adjudication on the original charge]." TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1994). This language bars not only an appeal of the trial court's decision, but also any review of that decision by an appellate court. *See Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); *Garza v. State,* 839 S.W.2d 131, 132 (Tex.App.—Corpus Christi 1992, no pet.). Because appellant's complaint is that the trial judge's decision to proceed with an adjudication denied him due process, we hold that his complaint is foreclosed by the express language of section 5(b). Nevertheless, we also find appellant's arguments under this point to be without merit.

8. The court of criminal appeals has once again recognized this principle in its own opinion in this case. There, the court stated that the "[f]ailure to admonish a defendant of certain post-revocation and adjudication contingencies ... does not violate rights to due process and effective assistance of counsel." *Price,* 866 S.W.2d at 611.

9. We note that appellant has not re-asserted this argument in his supplemental brief on remand. Nevertheless, we will address the claim in the interest of justice and pursuant to the court of criminal appeals' directive that we consider appellant's "second point of error, claiming denial of due process in later proceedings to adjudicate guilt and revoke probation."

■ Appellant appealed his conviction in the windshield-wiper case to this Court. In an unpublished opinion, we affirmed appellant's conviction. *See Price v. State*, No. 05–91–00347–CR, 1992 WL 360170 (Tex.App.—Dallas November 19, 1992) (not designated for publication), *pet. ref'd per curiam*, 861 S.W.2d 913 (Tex.Crim.App.1993). In so doing, we rejected appellant's claim that his conviction should be reversed because of alleged errors committed in the trial court.[10] We concluded, in effect, that no errors warranting reversal had occurred. The court of criminal appeals subsequently refused appellant's petition for discretionary review. Appellant cannot now challenge any alleged denial of due process in the windshield-wiper case. Accordingly, he cannot here challenge the decision to proceed with an adjudication in the billboard case based on alleged improprieties occurring in the windshield-wiper case. We overrule appellant's second point of error asserted on original submission.

For the reasons stated, we affirm the trial court's judgment.

---

**10.** In that case, appellant complained about (1) the admission of extraneous offense evidence and comments made by the trial court regarding the evidence, (2) the sufficiency of the evidence to support the conviction, and (3) the court's failure to conclude that self defense had been established as a matter of law. We found each of the points to be without merit.