Abraham Corpus **MARTINEZ**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–94–115–CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 14, 1995.

Randy Taylor, Dallas, for appellant.

Tim Curry, Criminal District Attorney, Betty Marshall and Charles M. Mallin, Assistant Chiefs of the Appellate Section, Edward L. Wilkinson and Terry Barlow, Assistants, Fort Worth, for appellee.

Before CAYCE, C.J., and DAY and BRIGHAM, JJ.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

DAY, Justice.

In accordance with Rule 101 of the Texas Rules of Appellate Procedure, a majority of the justices who participated in the original opinion in this case hereby withdraw our opinion and judgment of August 3, 1995, reconsider and modify same, and substitute the following:

Abraham Corpus Martinez appeals his conviction for auto theft. Martinez pled nolo contendere in accordance with a plea bargain agreement, and the trial court placed Martinez on deferred adjudication probation for two years. Martinez failed to meet the requirements of his probation, and the State moved to proceed to adjudicate Martinez's guilt. Martinez pled true to the State's allegations that he violated his probationary conditions. The court then sentenced Martinez to seven years' confinement, probated for seven years, and 180 days in a boot camp facility. We affirm the trial court's judgment.

Martinez asserts the following four points of error: (1) the evidence is insufficient to support the trial court's judgment in the absence of a judicial confession; (2) the trial court erred in failing to admonish Martinez on the legal effect of a plea of nolo contendere; (3) the trial court erred in failing to order a presentence report before sentencing Martinez; and (4) the trial court's failure to provide Martinez with the deferred adjudication warnings mandated in TEX.CODE CRIM.

PROC.ANN. art. 42.12, § 5(a), (b) (Vernon Supp.1995) rendered his nolo contendere plea involuntary.

We will not address Martinez's first three points of error because Martinez failed to meet the requirements of TEX.R.APP.P. 40(b)(1). According to Rule 40(b)(1), Martinez must state in his notice of appeal that the trial court granted him permission to appeal or that the matters he now seeks to appeal were raised by written motion and ruled on before trial in order for him to prosecute an appeal for either a nonjurisdictional defect occurring before or after the plea or an error that occurred prior to the entry of the plea. TEX.R.APP.P. 40(b)(1); *Rhem v. State*, 873 S.W.2d 383, 384 (Tex. Crim.App.1994). Compliance with Rule 40(b)(1) is jurisdictional, and a general notice of appeal that fails to comply with the requisite recital of the notice of appeal under Rule 40(b)(1) does not confer jurisdiction on us except to consider jurisdictional issues. *See* TEX.R.APP.P. 40(b)(1); *Montalbo v. State*, 885 S.W.2d 160, 161 (Tex.Crim.App.1994); *Rhem*, 873 S.W.2d at 384; *Davis v. State*, 870 S.W.2d 43, 45–46 (Tex.Crim.App.1994).

Here, Martinez's notice of appeal fails to state that he either has secured the trial court's permission to appeal or that the matters he now seeks to appeal were raised by written motion and ruled on before trial. Points of error one, two, and three all raise nonjurisdictional defects. *See Montalbo*, 885 S.W.2d at 161; *Rhem*, 873 S.W.2d at 384; *Davis*, 870 S.W.2d at 45–46; *Penny v. State*, 880 S.W.2d 59, 61 (Tex.App.—Dallas 1994, no pet.); *Wright v. State*, 873 S.W.2d 77, 82 (Tex.App.—Dallas 1994, pet. ref'd).

■ In his first point of error, Martinez asserts the evidence is insufficient to support his plea of nolo contendere. We note at the outset that the Court of Criminal Appeals specifically held that the prerequisites of Rule 40(b)(1) apply to appeals of sufficiency of the evidence. *Rhem*, 873 S.W.2d at 384. Martinez argues that the prerequisites of Rule 40(b)(1) do not apply to this case because he was given deferred adjudication. He cites as support in his petition for discretionary review the San Antonio Court of Appeals' holding in *McLennan v. State* that

Rule 40(b)(1) does not apply to pleas entered under a plea bargain when the defendant is granted deferred adjudication. 796 S.W.2d 324, 326 (Tex.App.—San Antonio 1990, pet. ref'd) (op. on reh'g). While we recognize the San Antonio court's holding in *McLennan*, we believe that *McLennan* was implicitly overruled by the Court of Criminal Appeals in *Montalbo*, which also originated from the San Antonio Court of Appeals. *Montalbo* involved a plea of nolo contendere under a plea bargain where the court entered an order deferring adjudication and placed the defendant on probation for eight years. 885 S.W.2d at 160. Relying upon the Fort Worth Court of Appeals' decision in *Davis*, the San Antonio Court held that it had jurisdiction to hear the appellant's complaint that the evidence was insufficient to support the order deferring adjudication. *Id.* The Court of Criminal Appeals reversed, noting that the San Antonio Court did not have the benefit of its recent decisions in *Davis* and *Rhem*. *Id.* at 161. Because the Court of Criminal Appeals followed the *Davis* line of cases in *Montalbo*, a deferred adjudication case, we believe the Court implicitly overruled *McLennan* and that we are constrained to apply Rule 40(b)(1) to the present case. Accordingly, we overrule Martinez's point of error one because it was not properly preserved for review on appeal in accordance with Rule 40(b)(1) and, therefore, we do not have jurisdiction to consider it.

■ In point of error two, Martinez contends the trial court erred in failing to admonish Martinez of the legal effect of a plea of nolo contendere. In point of error three, Martinez asserts the trial court erred in not ordering a presentence report before sentencing him. Martinez could have requested permission from the trial court to appeal these issues but he failed to do so. His general notice of appeal likewise fails to raise these issues. Under the requirements of Rule 40(b)(1), he has not preserved his second and third points of error for appeal. *See Montalbo*, 885 S.W.2d at 161; *Rhem*, 873 S.W.2d at 384; *Davis*, 870 S.W.2d at 45–46. Therefore, we overrule points of error two and three for lack of jurisdiction.

■ In point of error four, Martinez asserts the trial court's failure to provide him with the deferred adjudication warnings mandated under TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a), (b) rendered his nolo contendere plea involuntary. We disagree.

Article 42.12, section 5(a) and (b), states the following:

Sec. 5. (a) Except as provided by Subsection (d) of this section, when in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision. The judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision. . . .

(b) On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

*Id.*

Here, the trial judge gave the following admonishment to Martinez:

THE COURT: If you satisfactorily complete your probation period, you can truthfully say you've never been convicted of a felony because I'm not going to find you guilty at this time. The bad part is if it becomes necessary for the Court to revoke your probation, the Court could set your punishment at any amount between 10 years and two years. You understand that, don't you?

This admonishment clearly did not meet the requirements of section 5(a) and (b), and thus constitutes error. Courts in Texas, however, are split on whether the failure to admonish a defendant under article 42.12, section 5(a) and (b), affect the voluntariness of the defendant's plea.[1] *See Brown v. State*, 896 S.W.2d 327, 330–31 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd) (holding failure to admonish under 42.12 does not affect voluntariness of plea where nothing in record suggests deferred adjudication was part of negotiated plea); *Joyner v. State*, 882 S.W.2d 59, 60 (Tex.App.—Houston [14th Dist.] 1994, pet. granted) (holding that failure to admonish under 42.12 does not affect the voluntariness of plea, but case did not involve agreed recommendation for deferred adjudication); *Ray v. State*, 877 S.W.2d 425, 426–28 (Tex. App.—Eastland 1994, pet. granted) (holding failure to admonish under 42.12 affects voluntariness of plea and is not susceptible to harmless error analysis).

█ Here, the record affirmatively shows that Martinez's negotiated plea included an agreement for deferred adjudication. Therefore, this case is distinguishable from both *Joyner* and *Brown*. We, however, disagree with *Ray* that violations of article 42.12, section 5(a) and (b), require an automatic reversal and are not susceptible to a harmless error analysis. *See Ray*, 877 S.W.2d at 427–28; *see also Price v. State*, 890 S.W.2d 478, 483 (Tex.App.—Dallas 1994, no pet.). In fact, concrete data exists in this record that allows us to determine whether the trial court's actions harmed Martinez. *See* TEX. R.APP.P. 81(b)(2); *Price*, 890 S.W.2d at 483.

█ Appellate review of error in criminal cases usually involves a two-step process. *Rose v. State*, 752 S.W.2d 529, 553 (Tex.Crim. App.1988) (op. on reh'g). In the first step, we have determined that error occurred in the trial. In the second step, we must determine whether the error calls for reversal of the conviction, applying Rule 81(b)(2) of the Texas Rules of Appellate Procedure. *Harris*

*v. State*, 790 S.W.2d 568, 584 (Tex.Crim.App. 1989).

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

TEX.R.APP.P. 81(b)(2).

█ Our harmless error analysis must focus upon the error rather than the propriety of the outcome of the trial, trace its probable impact upon the jury, and determine whether it contributed to the conviction or punishment. *Harris*, 790 S.W.2d at 585–87. Review concentrates on the fairness of the trial and the integrity of the process. *Id.* We consider the source and nature of the error, the extent that it was emphasized by the State, its probable collateral implications, the weight a juror would probably place on the error, and whether declaring it harmless would be likely to encourage the State to repeat it with impunity. *Id.* at 587. This requires an evaluation of the entire record in a neutral, impartial and even-handed manner, not in the light most favorable to the prosecution. *Id.* at 586.

█ There is no formula by which we can perform a harmless error analysis, but generally we first isolate the error and its effects, then ask whether a rational trier of fact might have reached a different result if the error and its effects had not occurred. *Id.* at 587–88. If we are unable to determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment, we must reverse the conviction. *Id.* at 584.

Martinez makes no specific argument regarding the harm he suffered as a result of the trial judge's failure to admonish him under section 5(a) and (b). He merely states that the admonition was deficient because he was misled about whether he was entitled to a hearing and whether he could be arrested.

---

1. While the Court of Criminal Appeals has not ruled on the effect on the voluntariness of a defendant's plea for a complete failure to provide the statutory admonishments, it did suggest that such a failure would generally not have any

effect on the voluntariness of a defendant's plea. *Price v. State*, 866 S.W.2d 606, 613 n. 10 (Tex. Crim.App.1993); *see also Price v. State*, 890 S.W.2d 478, 482 (Tex.App.—Dallas 1994, no pet.).

If, however, the trial judge had properly admonished Martinez, and Martinez did not wish to be bound by those provisions, his only alternative in this case would have been to proceed to an immediate adjudication of guilt under section 5(a). TEX.CODE CRIM. PROC.ANN. art. 42.12, § 5(a). Thus, the only harm Martinez suffered in this case was the inability to proceed with an immediate adjudication of guilt.[2] *See Price,* 890 S.W.2d at 483–84.

Martinez makes no argument regarding what, if anything, he may have lost by not proceeding to adjudicate his guilt immediately instead of having his guilt adjudicated two years later. Furthermore, we fail to find any harm suffered by Martinez in not having his guilt adjudicated immediately. Therefore, the trial court's error constituted harmless error that did not affect the voluntariness of Martinez's plea of nolo contendere. We overrule point of error four.

We affirm the trial court's judgment.

CAYCE, C.J., dissents.

CAYCE, Chief Justice, dissenting.

I respectfully dissent from the majority's finding that we are precluded from addressing Martinez's first three points of error because his notice of appeal does not meet the requirements of TEX.R.APP.P. 40(b)(1) for appeals from plea-bargained judgments.

Rule 40(b)(1) states in pertinent part:

(1) Appeal is perfected in a criminal case by giving timely notice of appeal.... Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere ... *and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney,* in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

*Id.* (emphasis supplied). Here, Martinez entered a plea of nolo contendere based on the prosecutor's recommendation and Martinez's agreement to two years of deferred adjudication probation. Three years later, Martinez pleaded true to the State's allegations that he violated his probationary conditions. His deferred adjudication probation was then revoked, and he was sentenced to seven years' confinement, to be probated for seven years, and ordered to participate in the probation department's boot camp program.

In *Ex parte Hernandez,* 705 S.W.2d 700 (Tex.Crim.App.1986) the court of criminal appeals stated that former article 44.02 of the Texas Code of Criminal Procedure[1] barred appeal by a defendant who had been "convicted," when the court had assessed "punishment" that did not exceed the plea bargain. *Id.* at 703. However, the court went on to state that an order conforming with plea bargain for deferred adjudication does *not* "assess punishment." Specifically, the court said:

Since an order conforming with plea bargain for deferred adjudication is not an appealable order and does not assess punishment within [the] meaning of Article 37.07, § 3(a) and (d), and within contemplation of Article 44.02, it follows that a defendant is not precluded from prosecuting an appeal after adjudication of guilt, judgment and sentencing merely because he initially bargained for deferred adjudication and was admonished according to Article 26.13(a)(3).

*Id.*

In 1987, the legislature enacted article 44.01(j) of the Texas Code of Criminal Proce-

---

**2.** Martinez does not challenge the grounds asserted by the State in its motion to proceed to adjudicate or the trial court granting the State's motion. In fact, he pled true to the State's allegations that he violated his probationary conditions. Therefore, he suffered no harm other than the inability to immediately adjudicate his guilt.

**1.** Although *Hernandez* was decided prior to the adoption of Rule 40(b)(1), it construed provisions of article 44.02 which were identical in substance to the current Rule 40(b)(1).

dure for the purpose of permitting immediate appeals from orders of deferred adjudication. TEX.CODE CRIM.PROC.ANN. art. 44.01(j) (Vernon Supp.1995); *Dillehey v. State*, 815 S.W.2d 623, 624–26 (Tex.Crim.App.1991); *State v. Davenport*, 866 S.W.2d 767, 770 (Tex. App.—San Antonio 1993, no pet.). In enacting article 44.01(j), however, the legislature did not intend to abrogate the long-standing rule enunciated in *Hernandez* that deferred adjudication is not "punishment," nor the interpretation of the "commonplace legal phrase 'assessment of punishment', as used in *Hernandez*." *Dillehey*, 815 S.W.2d at 624; *see also Cabezas v. State*, 848 S.W.2d 693, 694 (Tex.Crim.App.1993) ("there is no adjudication of guilt and no assessment of punishment" in a deferred adjudication proceeding); *Price v. State*, 866 S.W.2d 606, 611 (Tex. Crim.App.1993) ("[a]n order deferring adjudication of guilt and placing defendant on 'probation' ... does not constitute a 'conviction,' and such 'probation' is not the functional equivalent of probation"); *Weed v. State*, 891 S.W.2d 22, 24–25 (Tex.App.—Fort Worth 1995, no pet.) ("[b]ecause the adjudication of guilt and punishment are 'deferred,' there is no true punishment set"; "deferred adjudication involves neither an adjudication of guilt nor assessment of punishment").

The trial court in this case did not assess "punishment" until the adjudication hearing. The assessed punishment was not negotiated or agreed to by Martinez or his attorney. I would, therefore, hold that Rule 40(b)(1) does not require Martinez to obtain permission of the trial court to appeal his original plea proceeding because the "punishment" he received was not plea-bargained.

In reaching the opposite conclusion, the majority relies heavily on *Montalbo v. State*, 885 S.W.2d 160 (Tex.Crim.App.1994). *Montalbo* involved a direct appeal from a plea-bargained order deferring adjudication. There had been no adjudication of the defendant's guilt and the trial court had not assessed "punishment" in excess of the deferred adjudication probation agreed to by the defendant. The sole issue in *Montalbo* was whether a defendant who pleads guilty or nolo contendere pursuant to a plea bargain may appeal the sufficiency of the evi-

dence to support the plea under Rule 40(b)(1), even in the absence of permission from the trial court. *Id.* at 160–61. Citing *Rhem v. State*, 873 S.W.2d 383 (Tex.Crim. App.1994), *Lyon v. State*, 872 S.W.2d 732 (Tex.Crim.App.), *cert. denied*, — U.S. —, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994) and *Davis v. State*, 870 S.W.2d 43 (Tex.Crim.App. 1994), the court of criminal appeals merely reaffirmed that a defendant is required to obtain permission of the trial court in order to challenge the sufficiency of evidence to support a plea-bargained plea or conviction on appeal, and that such permission must be stated in the notice of appeal. *Montalbo*, 885 S.W.2d at 161. The court did not address the requirements for an appeal from a judgment based on a plea of guilty or nolo contendere that was originally entered in exchange for deferred adjudication probation, but where the defendant's guilt was subsequently adjudicated and the "punishment assessed" was not agreed to by the defendant.

Since the actual "punishment assessed" in this case was not the result of a plea bargain and exceeded the deferred adjudication probation to which Martinez originally agreed, the limitations of Rule 40(b)(1) pertaining to the appeal of plea-bargained convictions does not preclude us from reviewing Martinez's first three points of error. I, therefore, believe the majority is mistaken in failing to reach those points.