Randall Hines v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-227-CR

     RANDALL HINES,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 21597CR
                                                                                                                

O P I N I O N
                                                                                                                

     This is an appeal from a conviction for theft by check of the aggregate value of $750 or more
but less than $20,000 obtained from one scheme or continuing course of conduct. See Act of May
7, 1993, 73rd Leg., R.S., ch. 203, § 4, 1993 Tex. Gen. Laws 390, 391 amended by Act of May
24, 1995, 74th Leg., R.S., ch. 734, § 1, 1995 Tex. Gen. Laws 3844 (current version at Tex. Pen.
Code Ann. § 31.03(e) (Vernon Supp. 1998)); see also Act of May 24, 1973, 63rd Leg., R.S.,
ch. 399, § 1, 1973 Tex. Gen. Laws 883, 932, amended by Act of May 29, 1993, 73rd Leg., R.S.,
ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3640 (current version at Tex. Pen. Code Ann. §
31.09 (Vernon 1994)).
PROCEDURAL BACKGROUND 
      On October 6, 1995, in accordance with a plea bargain agreement, the appellant, Randall
Scott Hines, pled guilty to the third degree felony offense of theft by check. The trial court placed
Hines on three years’ community supervision, without adjudicating him guilty of the charged
offense, subject to various terms and conditions.
      Contending Hines had violated the terms of his community supervision, on May 2, 1997, the
State filed a motion to revoke Hines’ community supervision and to enter an adjudication of guilt. 
A hearing was held on the State’s motion on July 22, 1997. At the hearing, the court adjudicated
Hines guilty of the original offense of theft by check and assessed punishment at ten years’
incarceration in the Institutional Division of the Texas Department of Criminal Justice.
ISSUES PRESENTED FOR REVIEW
      On appeal, Hines brings seven points of error: (1) the court erred in failing to properly
admonish Hines before accepting his original guilty plea; (2) the court erred in finding Hines had
violated the terms of his community supervision by failing to pay the requisite fees; (3) the court
erroneously admitted hearsay testimony during the adjudication hearing; (4) the court erred in
finding Hines had violated the terms of his community supervision by failing to report monthly
to his supervision officer; (5) Hines’ federal and state constitutional rights to a speedy trial were
violated; (6) the court erred by imposing a predetermined sentence after adjudicating Hines guilty
of the original offense; and (7) the court lacked jurisdiction due to improper aggregation of the
multiple offenses alleged in the indictment. 
THE ORIGINAL PLEA HEARING
      In his first and seventh points of error, Hines alleges that error occurred at his original plea
hearing. 
The Notice of Appeal
      By point one, Hines maintains his guilty plea was involuntary because the trial court failed
to properly admonish him in accordance with article 26.13 and article 42.12 of the Code of
Criminal Procedure. Article 26.13 requires the trial court to admonish a defendant as to the legal
consequences of entering a plea of guilty or nolo contendere. See Tex. Code Crim. Proc. Ann.
art. 26.13(a) (Vernon 1989). Article 42.12, section 5(a) provides that the trial court, after placing
the defendant on deferred adjudication community supervision, must inform the defendant of the
consequences of violating the conditions of the community supervision. See id. art. 42.12, § 5(a)
(Vernon Supp. 1998). However, because Hines filed only a general notice of appeal, we lack
jurisdiction to consider the merits of this complaint and must dismiss it for that reason.
      A defendant who receives deferred adjudication pursuant to a negotiated plea bargain and is
later adjudicated guilty must comply with the extra notice requirements of Rule 25.2 of the Rules
of Appellate Procedure. Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996). This
is true even where the defendant is subsequently adjudicated guilty and sentence is imposed
without a second plea agreement. Id. Rule 25.2 states in relevant part:
(3)But if the appeal is from a judgment rendered on the defendant’s plea of guilty or
nolo contendere under Code of Criminal Procedure article 1.15, and the punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed
to by the defendant, the notice must:
(A)specify that the appeal is for a jurisdictional defect;
(B)specify that the substance of the appeal was raised by written motion and ruled
on before trial; or
(C)state that the trial court granted permission to appeal.

Tex. R. App. P. 25.2(3).
      In the present case, Hines filed only a general notice of appeal with no indication that
permission to appeal was obtained from the trial court, that any of the issues were presented to the
trial court in a written pretrial motion, or that the appeal is based on a complaint of a jurisdictional
defect. See id.; Watson, 924 S.W.2d at 714. Such a notice limits this court’s jurisdiction to any
allegation that Hines’ plea was entered involuntarily. See Flowers v. State, 935 S.W.2d 131, 134
(Tex. Crim. App. 1996). However, the trial court’s failure to comply with either of these
statutory admonishment requirements has been held not to affect the voluntariness of a defendant’s
plea. See Price v. State, 866 S.W.2d 606, 613 (Tex. Crim. App. 1993) (the failure of the trial
court to admonish a defendant in accordance with Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a)
does not alone render a plea involuntary); Martinez v. State, 906 S.W.2d 651, 654 (Tex.
App.—Fort Worth 1995, pet. ref’d) (to appeal the trial court’s failure to comply with Tex. Code
Crim. Proc. Ann. art. 26.13(a), a defendant must secure the trial court’s permission to raise such
complaint on appeal); see also Ray v. State, 919 S.W.2d 125, 126 (Tex. Crim. App. 1996)
(extending the holding of Price to apply to most felony cases). Consequently, because Hines’
complaint regarding the trial court’s failure to admonish him in accordance with articles 26.13 and
42.12 does not affect the voluntariness of his plea or fall within the exceptions contemplated by
Rule 25.2 of the Rules of Appellate Procedure, his general notice of appeal does not confer on us
jurisdiction to consider the complaint. See Tex. R. App. P. 25.2(3). Hines’ first point of error
is dismissed for want of jurisdiction.
The Indictment 
      In point seven, Hines contends the district court lacked jurisdiction to enter judgment against
him because the offenses alleged in the indictment were improperly aggregated for the purpose of
increasing the charge against him to a felony offense. However, Hines has failed to properly
preserve his complaint for appellate review. 
      Article 1.14 of the Code of Criminal Procedure provides in relevant part:
If the defendant does not object to a defect, error, or irregularity of form or substance in
an indictment or information before the date on which the trial on the merits commences,
he waives and forfeits the right to object to the defect, error, or irregularity and he may
not raise the objection on appeal. . .

Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 1998); Studer v. State, 799 S.W.2d
263, 268 (Tex. Crim. App. 1990); Williams v. State, 946 S.W.2d 886, 894 (Tex. App.—Waco
1997, no pet.). 
      A complaint that the court trying the case has no jurisdiction over the offense or offenses
charged in the indictment is a defect in substance. Tex. Code Crim. Proc. Ann. art. 27.08
(Vernon 1989); Studer, 799 S.W.2d at 267 n.7. Hines did not raise his allegation that the theft
offenses were improperly aggregated prior to the commencement of his plea hearing;
consequently, he has waived his right to raise such complaint on appeal. See Tex. Code Crim.
Proc. Ann. art. 1.14(b); Studer, 799 S.W.2d at 268. Hines’ seventh point is overruled.
THE ADJUDICATION PROCEEDING
      In his second through sixth points of error, Hines complains of alleged errors which occurred
before, during, and after the adjudication proceeding.
The Right to a Speedy Trial
      By his fifth point, Hines alleges that his federal and state constitutional rights to a speedy trial
were violated. See U.S. Const. amend VI, XIV; Tex. Const. art. I, § 10. Hines maintains he
was denied a speedy trial because he was incarcerated for over seven months before a hearing was
held to determine if he had violated the terms of his community supervision and should be
adjudicated guilty of the originally-charged offense. However, once again Hines is bound by the
original plea bargain agreement and, as a consequence, must comply with the extra notice
requirements of Rule 25.2 of the appellate rules. Watson, 924 S.W.2d at 714; see Tex. R. App.
P. 25.2(3).
      For us to consider Hines’ complaint on appeal that his constitutional rights to a speedy trial
were violated, Hines would have had to present his complaint in a written pretrial motion to the
trial court and indicate in his notice of appeal that such motion was overruled. See Sinclair v.
State, 894 S.W.2d 437, 438-39 (Tex. App.—Austin 1995, no pet.). As previously indicated,
Hines filed a general notice of appeal. Such notice of appeal does not give us jurisdiction to
consider Hines’ complaint. See Tex. R. App. P. 25.2(3); Watson, 924 S.W.2d at 714. Therefore,
Hines’ fifth point is dismissed for want of jurisdiction.
The Decision to Proceed to Adjudication of Guilt
      Hines’ second, third, and fourth points of error allege errors which occurred at the
adjudication proceeding. Specifically in points two and four, Hines maintains the trial court erred
by finding that he had violated the terms of his community supervision when he failed to pay the
required fees and failed to report to his supervision officer on a monthly basis. In point three,
Hines contends the trial court erroneously admitted the testimony of his assigned supervision
officer because her testimony was hearsay. Because all three of these complaints are directed at
the trial court’s decision to proceed with Hines’ adjudication, Hines is barred from raising them
on appeal.
      Article 42.12, section 5(b) of the Code of Criminal Procedure provides that a defendant
cannot appeal from “the determination by the court of whether it proceeds with an adjudication
of guilt on the original charge.” Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.
1998). The Court of Criminal Appeals has held this provision to mean a defendant may appeal
“all proceedings after adjudication of guilt on the original charge,” but “the Legislature meant
what it said” that no appeal may be taken from the trial court’s decision to proceed with an
adjudication of a defendant’s guilt. Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992). 
      Consequently, because these three complaints are directed at the trial court’s decision to
proceed with an adjudication of Hines’ guilt, Hines is foreclosed from asserting them on appeal. 
Hines’ second, third, and fourth points are dismissed. See id. (the proper disposition for
complaints about a trial court’s decision to proceed with an adjudication of guilt is dismissal). 
The Sentence
      In his sixth point, Hines alleges that his due process rights were violated because the trial
court predetermined Hines’ sentence without considering all the evidence presented at the
adjudication hearing. Hines maintains that, because the trial court was “mad at him,” the court
“planned to lock him up for ten years” even before any evidence was presented at the hearing.
      A trial court denies a defendant due process when it arbitrarily refuses to consider the entire
range of punishment for an offense or refuses to consider the evidence and imposes a
predetermined sentence. McClenan v. State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983). 
However, a defendant waives any due process complaint when he does not object to the
punishment or to the failure to consider the evidence. Appellate courts do not consider any alleged
error counsel failed to call to the trial court’s attention. Rogers v. State, 640 S.W.2d 248, 264
(Tex. Crim. App. [Panel Op.] 1981) (on rehearing); Cole v. State, 931 S.W.2d 578, 580 (Tex.
App.—Dallas 1995, pet. ref’d); Cole v. State, 757 S.W.2d 864, 866 (Tex. App.—Texarkana 1988,
pet. ref’d). This rule even applies to errors of constitutional dimension. Id.
      The record reflects that, during the adjudication and sentencing proceeding, Hines did not
object to the trial court’s action nor did he complain in a motion for new trial. Hines’ failure to
object waived any error. Tex. R. App. P. 33.1(a); Cole, 931 S.W.2d at 580; Cole, 757 S.W.2d
at 866. Hines’ sixth point is overruled.
      The trial court’s judgment is affirmed with points one through five being dismissed. 


 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice
Before Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Affirmed
Opinion delivered and filed March 25, 1998
Do not publish