11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Dan Charles Powers

Appellant

Vs.      
            No. 11-01-00129-CR  --  Appeal from Collin County

State of Texas

Appellee

 

Appellant
was indicted for the sexual assault of his 14-year-old stepdaughter.  The indictment alleged that appellant:  (1) penetrated his stepdaughter=s female sexual organ with his finger and
with a curling iron; (2) penetrated and caused contact with his stepdaughter=s mouth with his male sexual organ; and (3)
engaged in sexual contact by touching his stepdaughter=s breast with his hand and  mouth. 
Upon accepting appellant=s open plea of nolo contendere, the trial court ordered that a
presentence investigation report be prepared and scheduled the matter for
sentencing at a future date.  Upon the
conclusion of the sentencing hearing, the trial court convicted appellant and
sentenced him to confinement for 8 years. 
We affirm.

Appellant
argues in his first and second points of error that he was denied effective
assistance of counsel under the protections of both the United States[1]  and Texas Constitutions.[2]  His
allegation stems from the evidence offered at the sentencing hearing.  He contends that his trial counsel did not
file appropriate requests which would have required the State to disclose
extraneous offenses upon which it intended to rely during the punishment
hearing.  Appellant further alleges that
his trial counsel did not object to evidence of extraneous offenses which were
offered at the punishment hearing.








In reviewing a claim of ineffective assistance of counsel, we must
apply an objective standard of reasonableness.   A defendant making a claim of ineffective assistance of counsel
must show:  (1) that counsel was
deficient and (2) that there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have been
different.  Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999);
Hernandez v. State, 726 S.W.2d 53 (Tex.Cr.App.1986).  We analyze appellant’s state and federal claims together because the
Texas constitutional and statutory provisions do not provide any greater
protection than the federal provisions. 
See Butler v. State, 872 S.W.2d 227 (Tex.Cr.App.1994), cert. den'd,
513 U.S. 1157 (1995).

A claim of ineffective assistance of counsel must be determined on the
particular facts and circumstances of each individual case.  See Jimenez v. State, 804 S.W.2d 334, 338
(Tex.App. - San Antonio 1991, pet’n ref'd). 
Isolated instances in the record reflecting errors of omission or
commission do not render counsel's performance deficient.  McFarland v. State, 845 S.W.2d 824, 843
(Tex.Cr.App.1992), cert. den'd, 508 U.S. 963 (1993).  Whether the Strickland test has been met
is to be judged by the totality of the representation.  McFarland v. State, supra.   There is a strong presumption that counsel
rendered adequate assistance and made all significant decisions in the exercise
of reasonable professional judgment. See Strickland v. Washington, supra at
689; Stafford v. State, 813 S.W.2d 503, 506 (Tex.Cr.App.1991). Stated another
way, "competence is presumed  and
appellant must rebut this presumption by proving that his attorney's
representation was unreasonable under prevailing professional norms and that
the challenged action was not sound trial strategy." Stafford v. State,
supra at 506.  

Appellant has the burden of proving ineffective assistance of counsel
by a preponderance of the evidence. See Moore v. State, 694 S.W.2d 528, 531
(Tex.Cr.App.1985).  Allegations of
ineffective assistance of counsel will be sustained only if they are firmly
founded. See Jimenez v. State, supra at 338. However, while a defendant must
overcome the presumption that the complained of errors are supported by trial
strategy, counsel's conduct will not be supported by the presumption of
competence where counsel's actions cannot be attributed to any reasonable trial
strategy.  See Jackson v. State, 877
S.W.2d 768, 771 (Tex.Cr.App.1994).








Appellant’s complaints primarily focus on the disclosure of information
contained in the presentence investigation report.  Appellant contends that his trial counsel should have objected to
the disclosure of information contained in the report which he asserts was
extraneous.  Specifically, appellant’s
wife was questioned about comments appellant had made about her daughter’s
breasts, instances wherein appellant had removed the victim’s bathing suit in
the swimming pool, and appellant’s use of alcohol.   Appellant contends that his trial counsel should have sought to
exclude these matters under TEX. CODE CRIM. PRO. ANN. art. 37.07, § 3 (Vernon
Supp. 2002) even though they were contained in the presentence investigation
report.

TEX. CODE CRIM. PRO. ANN. art. 42.12, § 9(a) (Vernon Supp. 2002)
provides in relevant part:

[B]efore the
imposition of sentence by a judge...the judge shall direct a supervision
officer to report to the judge in writing on the circumstances of the offense
with which the defendant is charged, the amount of restitution necessary to
adequately compensate a victim of the offense, the criminal and social history
of the defendant, and any other information relating to the defendant or the
offense requested by the judge.

 

This
statute is broadly worded and, by its plain language, allows inclusion of any
information relating to the defendant or the offense.   Fryer v. State, 68 S.W.3d 628, 629 (Tex.Cr.App.2002).   Article 37.07, section 3(d) provides for
the trial court's consideration of the report at the sentencing phase of
trial.  Fryer v. State, supra at
629.   Contrary to appellant’s
contention, Article 37.07, section 3 does not restrict the court’s
consideration of matters contained in a presentence investigation report.  DuBose v. State, 977 S.W.2d 877, 880
(Tex.App. - Beaumont 1998, no pet’n). 
Counsel cannot be held ineffective for failing to object to admissible
evidence. See Yzaguirre v. State, 957 S.W.2d 38, 39 (Tex.Cr.App.1997).  

The appellate record does not affirmatively demonstrate that appellant’s
trial counsel fell below an objective standard of reasonableness.  Appellant freely acknowledged the acts of
which he had been accused and the fact that he had a problem in the hopes of
obtaining a reduced sentence.  Counsel
may have had good reason, based on sound trial strategy, for not objecting to
the evidence. 








Moreover,
the record does not demonstrate a reasonable probability that the outcome would
have been different but for the mention of the items cited by appellant given
the extreme conduct with which appellant was charged.  Viewing the entire record, we cannot say that trial counsel’s
conduct constituted ineffective assistance. 
Appellant’s first and second points of error are overruled.

Appellant argues in his third point of error that the trial court did
not inform him that he could not be placed on deferred adjudication without the
court making a finding in open court that doing so would be in the best
interest of the victim.  See TEX. CODE
CRIM. PRO. ANN. art. 42.12, § 5(a) (Vernon Supp. 2002).  Appellant contends that this omission
rendered his plea of nolo contendere involuntary.  Appellant has not cited any authority which requires the trial
court to advise an accused of this required finding prior to entering a plea of
guilty/nolo contendere.   Even if such
an admonishment were required, it could not have resulted in an involuntary
plea by appellant.  When there is no
agreement as to punishment or other indication that defendant had been promised
deferred adjudication, his guilty/nolo contendere plea and an allegedly
defective deferred adjudication admonishment are not connected.    See Fisher v. State, 921 S.W.2d 814
(Tex.App. -Houston [14th Dist.] 1996, pet’n ref’d).  Appellant’s third point of error is overruled.

The judgment of the trial court is affirmed.

 

                                                                          
W. G. ARNOT, III

                                                                           
CHIEF JUSTICE

 

June
27, 2002

Do not
publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:
Arnot, C.J., and

Wright, J., and
McCall, J.











     [1]U.S. CONST. amend. VI.





     [2]TEX. CONST. art. I, § 10.