Mark Lloyd WARD, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 03–94–00655–CR through
03–94–00660–CR.

Court of Appeals of Texas,
Austin.

Aug. 30, 1995.

Discretionary Review Refused Dec. 6, 1995.

Fred L. Tinsley, Dallas, for appellant.

John C. Vance, Criminal District Attorney,
Libra J. Lange, Assistant District Attorney,
Dallas, for appellee.

Before POWERS, KIDD and B.A. SMITH, JJ.

PER CURIAM.

At a consolidated proceeding in April 1990, appellant waived trial by jury and pleaded guilty to indictments accusing him of these felony offenses: burglary of a habitation (two cases), burglary of a building, theft, possession of a prohibited weapon, and possession of heroin. He also pleaded true to enhancement paragraphs in each indictment alleging two previous felony convictions. The district court found that the evidence substantiated appellant's guilt of these offenses, deferred further proceedings without adjudicating guilt, and placed appellant on probation. In September 1994, the court revoked appellant's probation on the State's motion, adjudicated appellant guilty in each cause, and assessed punishment, enhanced by the two previous felony convictions, at imprisonment for life.

In his first point of error, appellant contends he did not knowingly and voluntarily plead guilty because the district court failed to inform him that, in a deferred adjudication case, no appeal may be taken from the determination to proceed to adjudication of guilt. Appellant relies on Code of Criminal Procedure article 42.12, section 5(a), which, at the time he pleaded guilty in these causes, provided in part:

[W]hen in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation. *The court shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of probation.* If the information is provided orally, the court must record and maintain the court's statement to the defendant.

Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3471, 3500–01 (Tex.Code Crim.Proc.Ann. art. 42.12, § 5(a), since amended) (emphasis added). At that time, article 42.12, section 5(b) read:

On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 24 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

*Id.* (Tex.Code Crim.Proc.Ann. art. 42.12, § 5(b), since amended).[1]

It is undisputed that the district court did not orally advise appellant of the possible consequences of a violation of the conditions of probation. On the day he entered his guilty pleas, however, appellant was informed in writing: "If you receive deferred adjudication and later it is found that you have violated your probation you may then be found guilty and the Court can then set your punishment anywhere within the range provided by law." The State argues that this written admonition satisfied the article 42.12, section 5(a) notice requirement, citing *Chris-*

1. The 73rd Legislature amended subsections 5(a) and (b) of article 42.12 effective September 1, 1993. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex.Gen.Laws 3586, 3719. The amendments were essentially nonsubstantive, the most significant being the substitution of "community supervision" for "probation." The amendments apply only to prosecutions for offenses committed on or after the effective date of the act. *Id.,* § 4.02(a) at 3742.

The 74th Legislature also amended subsections 5(a) and (b). Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 53, 1995 Tex.Sess.Law Serv. 2734, 2750. Effective January 1, 1996, subsection 5(a) will specify that the defendant is to be informed of the consequences of a community supervision violation after being granted deferred adjudication, and will provide that the failure to give the requisite information shall not be grounds for reversal unless the defendant shows harm. The pending amendment to subsection 5(b) is irrelevant to this opinion. These amendments will apply only to prosecutions for offenses committed on or after the effective date of the act. *Id.,* §§ 84(a), 85(b) at 2763.

*tian v. State,* 870 S.W.2d 86 (Tex.App.—Dallas 1993, no pet.).

In *Christian,* the defendant contended the trial court violated article 42.12, section 5(a) by failing to inform him that the court could assess any term of confinement within the range of punishment if it later decided to adjudicate guilt. The court of appeals overruled this contention, holding that a written admonition identical to the one in this cause gave the defendant the information he claimed was lacking. *Id.* at 87–88. Contrary to the State's argument, the court of appeals did not hold that the written admonition gave the defendant *all* the information required by article 42.12, section 5(a). The trial court's failure to inform the defendant of the nonappealable nature of a decision to proceed to adjudication was not an issue in *Christian,* and we do not understand the court of appeals' opinion to hold that such an admonition is not required by the statute.

■ We must construe statutes according to their plain meaning. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). Article 42.12, section 5(a) requires that a defendant granted deferred adjudication be informed of the "possible consequences under Subsection 5(b)" of a violation of the conditions of probation. Article 42.12, section 5(b) provides that a violation of the conditions of deferred adjudication probation may result in an adjudication of guilt, a decision from which no appeal can be taken. We therefore hold that a defendant placed on deferred adjudication probation must be informed by the trial court, orally or in writing, that if he violates the conditions of probation, the court may proceed to adjudicate him guilty on the original charge and that no appeal can be taken from the determination to proceed to adjudication.

■ The Court of Criminal Appeals has held that the failure to inform a misdemeanor defendant of the possible consequences of a violation of the conditions of deferred adjudication probation does not render the defendant's guilty plea involuntary. *Price v. State,* 866 S.W.2d 606, 613 (Tex.Crim.App. 1993). In *Price,* however, the court was careful to emphasize that its conclusions and holdings applied only to deferred adjudication proceedings in misdemeanor cases. *Id.* at 608. Because the causes before us are felonies, *Price* does not control.

Appellant's guilty pleas were "open," that is, there was no plea bargain agreement between appellant and the State regarding the punishment to be assessed. Before accepting the pleas, the district court admonished appellant regarding the range of punishment attached to these doubly enhanced felony offenses. Tex.Code Crim.Proc.Ann. art. 26.13(a)(1) (West 1989). After accepting the pleas, the district court continued the causes and ordered the preparation of a presentence report. Before doing so, the court cautioned appellant, "[Y]our attorney is going to ask that I consider placing you on probation," but "that doesn't mean I'm going to do that." Appellant said he understood. The court continued, "So, I don't want you being interviewed by the probation department, coming back a week from now and I see what the probation department has to say and I say, 'Well, I've decided to give you 50 years,' and you say, 'Well, no, I was supposed to get probation.' Do you understand?" Appellant said that he did.

Two weeks later, the parties returned to court for assessment of punishment. The State recommended imprisonment for twenty-five years in each cause, to run concurrently. The court, however, elected to give appellant a choice: "I'll give you an option, you can take 25 years on each of these cases, they'll run concurrently, or you can try to turn your life around and take 10 years deferred adjudication." Telling the court that he would "like to try to do something with my life," appellant chose deferred adjudication.

■ Article 42.12, section 5(a) does not require that a defendant be informed of the possible consequences of a deferred adjudication probation violation before his guilty plea is accepted.[2] Moreover, it is obvious from the record that appellant had not been promised or given any reason to believe that he would receive deferred adjudication if he

---

**2.** Effective January 1, 1996, the statute will specify that this information is to be given *after* deferred adjudication is granted. *See* n. 1.

pleaded guilty. Thus, neither statute nor logic required the district court to inform appellant of the possible consequences of a probation violation before accepting his guilty pleas. While the court should have informed appellant of these consequences, including the nonappealable nature of the decision to proceed to adjudication, after the decision to defer adjudication was made, its failure to do so could not alter retroactively the voluntariness of appellant's guilty pleas two weeks earlier.

■ We hold that where there is no plea bargain agreement or other connection between a defendant's guilty plea and the trial court's later decision to grant deferred adjudication, the court's failure to fully inform the defendant of the consequences of a probation violation does not render the guilty plea involuntary. Two other courts of appeals have reached the same conclusion. *Brown v. State*, 896 S.W.2d 327, 331 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd); *Joyner v. State*, 882 S.W.2d 59, 61 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). One court of appeals has held otherwise. *Ray v. State*, 877 S.W.2d 425 (Tex.App.—Eastland 1994, pet. granted).[3]

Appellant contends only that his guilty pleas were not voluntary. He does not assert that the district court's failure to fully comply with article 42.12, section 5(a) warrants reversal without regard to the voluntariness of the pleas. We therefore express no opinion on that subject and overrule point of error one.

■ In his second point of error, appellant contends the district court erred by failing to conduct a hearing on appellant's competence after evidence of incompetence was brought to the attention of the court during the punishment phase of trial. Tex.Code Crim.Proc. Ann. art. 46.02, § 1 (West 1979). Appellant testified that he contacted the Andrews Center in hopes of being admitted to its chemical dependency program. Appellant was interviewed at the center by Dr. Greg McGee. McGee told appellant that there is such a thing as "dual diagnosis." Appellant explained that this is a theory "that says that all addicts aren't addicts just because they want to be dope fiends; that there can be psychological or genetically inherited reasoning for people to be drug addicts." Apparently, McGee was of the opinion that this diagnosis applied to appellant. Appellant also draws our attention to defense exhibits describing various drug abuse treatment programs.

The evidence regarding the nature and causes of appellant's drug addiction raised no issue regarding appellant's ability to understand the proceedings against him or to consult with his attorney with a reasonable degree of rational understanding. Article 46.02, § 1(a). The district court did not err by failing to conduct a competency hearing. Point of error two is overruled.

The judgments of conviction are affirmed.

---

3. In *Ray*, the court relied on its earlier opinion in *Graham v. State*, 873 S.W.2d 709 (Tex.App.—Eastland 1994, no pet.). The opinion in *Graham* states that the defendant pleaded guilty pursuant to a plea bargain agreement. While the opinion does not so state, we assume the agreement provided for deferred adjudication. The court held that the defendant's plea of guilty pursuant to this agreement was involuntary because the trial court failed to inform him that, if he violated the conditions of probation, no appeal could be taken from the determination to proceed to adjudication. While we express no opinion on this matter, we believe the existence of a plea bargain agreement calling for deferred adjudication is a significant fact that arguably distinguishes *Graham* from *Ray, Brown, Joyner,* and the cause before us.