**Alton Renard FISHER, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–95–00897–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 11, 1996.

Barry L. Jones, Houston, for appellant.

S. Elaine Roch, Houston, for appellee.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

LEE, Justice.

Appellant was charged with the offense of delivery of cocaine enhanced with two prior convictions. TEX.HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 1992). Appellant entered a plea of guilty to the offense and true to the two enhancement paragraphs. The trial court deferred a finding of guilt and placed appellant on deferred adjudication probation for ten years. Over a year later, the state moved to adjudicate guilt. The trial court revoked appellant's probation, adjudicated him guilty and assessed punishment, enhanced with the two prior offenses, at imprisonment for fifty years. Appellant brings two points of error contending that his original guilty plea was involuntary because he was not properly admonished with regard to the consequences of deferred adjudication and that the trial court reversibly erred by not sufficiently warning him that he could not appeal the adjudication of guilt. We affirm.

In his first point of error, appellant contends that his original guilty plea was involuntary because the trial court did not adequately warn him of the consequences of deferred adjudication. In *Joyner v. State,* 882 S.W.2d 59 (Tex.App.—Houston [14th Dist.] 1994, pet. granted), we held that a trial court's failure to admonish a defendant of the consequences of violation of deferred adjudication did not retroactively render a guilty plea involuntary. *Id.* at 61. In large part, our decision was based on the court of criminal appeals decision in *Price v. State,* 866 S.W.2d 606 (Tex.Crim.App.1993) (per curiam with three judges dissenting). In *Price,* the court held that in *misdemeanor* cases, failure to inform a defendant of the consequences of a violation of deferred adjudication probation does not render an otherwise unobjectionable plea involuntary. *Id.* at 613. In *Joyner,* we simply extended the logic used by the court of criminal appeals to felony cases.

The day after this case was submitted, the court of criminal appeals reversed a contrary decision of the Eastland court of appeals. *See Ray v. State,* 919 S.W.2d 125 (Tex.Crim. App.1996) (reversing *Ray v. State,,* 877 S.W.2d 425 (Tex.App.—Eastland 1994)); *see also Brown v. State,* 915 S.W.2d 533 (Tex. App.—Dallas 1996, pet. filed) (reaching same result as *Joyner* ); *Ward v. State,* 906 S.W.2d 182 (Tex.App.—Austin 1995, pet. ref'd) (same); *Fregia v. State,* 903 S.W.2d 94 (Tex. App.—Beaumont 1995, pet. filed) (same); *Brown v. State,* 896 S.W.2d 327 (Tex.App.— Houston [1st Dist.] 1995, pet. ref'd) (same).

In support of his point of error, appellant contends that we should reconsider our decision in *Joyner.* While the period for rehearing in *Ray* has not run and while our decision in *Joyner* is awaiting discretionary review by the court of criminal appeals, we believe that the court of criminal appeals' opinion in *Ray* indicates that our decision was sound. We are not inclined to reconsider *Joyner.*

Alternatively, appellant contends that his case is distinguishable from *Joyner* be-

cause the plea and the deferment were connected. In *Joyner*, we held that because Joyner pled guilty without a recommendation as to punishment, there was no connection between his guilty plea and the required deferred adjudication admonishments. *Id.* at 61. Thus, as aptly summarized by the Austin court of appeals, the following test has developed:

> where there is no plea bargain agreement or other connection between a defendant's guilty plea and the trial court's later decision to grant deferred adjudication, the court's failure to fully inform the defendant of the consequences of a probation violation does not render the guilty plea involuntary.

*Ward*, 906 S.W.2d at 185.

Appellant argues, however, that there was a connection between his guilty plea and the trial court's decision to defer a finding of guilt. Because he was indicated as a habitual offender, the minimum sentence available to appellant was twenty-five years. *See* TEX.PENAL CODE ANN. § 12.42 (Vernon 1994). Accordingly, appellant contends that he would not have been eligible for deferred adjudication if the prosecutor had not agreed to drop the two enhancement paragraphs. During the plea hearing the trial judge noted that appellant intended to ask for deferred adjudication. The judge warned appellant that there were some disadvantages to seeking deferred adjudication probation and asked appellant if he and his lawyer had discussed the matter. He then asked appellant if he still wanted the court to consider deferred adjudication probation. Appellant responded affirmatively. Appellant argues on appeal that these questions and answers indicate that the plea and the deferred adjudication probation were connected. We disagree.

The record clearly indicates that appellant entered his plea without a punishment recommendation from the state. Appellant's written guilty plea form, Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, stated, "no agreed recommendation." During the plea hearing, appellant pled guilty to the offense **and** true to the two enhancement offenses. The court then asked appellant if he understood that he was entering the plea without a punishment

recommendation, "that is, you and your lawyer and the state's lawyer have not been able to agree on a punishment in this case." Appellant responded, "Yes, sir." In addition, the trial court admonished appellant and determined that appellant was mentally competent and was entering the plea freely and voluntarily. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1981). At no time during the plea hearing did appellant indicate that the plea was involuntary or based on a mistaken belief that he had agreed to enter a guilty plea in exchange for a recommendation for deferred adjudication probation. *Cf. Martinez v. State*, 906 S.W.2d 651, 655 (Tex. App.—Fort Worth 1995, pet. filed) (distinguishing *Joyner* because the defendant's guilty plea was the result of a plea agreement).

In short, we believe that our decision in *Joyner* was sound and are not convinced that appellant's case is distinguishable. Because there was no agreement as to punishment or other indication that appellant had been promised deferred adjudication, we find that appellant's guilty plea and the deferred adjudication admonishments were not connected. Therefore, we find that appellant's guilty plea was entered voluntarily and overrule his first point of error.

■ In his second point of error, appellant contends that the trial court failed to warn him that he was not entitled to appeal the trial court's decision to adjudicate guilt if he violated the terms of his deferred adjudication probation. Article 42.12 section 5(a) provides that "[t]he judge shall inform the defendant orally or in writing of the possible consequences ... of a violation of [deferred adjudication probation]. If the information is provided orally, the judge must record and maintain the judge's statement to the defendant." TEX.CODE CRIM.PROC.ANN. art. 42.12 § 5(a) (Vernon Supp.1995); *see also* Act of May 29, 1995, 74th Leg., R.S., ch. 256, § 2, 1995 Tex.Sess.Law Serv. 2190, 2191 (Vernon); Act of June 7, 1995, 74th Leg., R.S., ch. 318, § 52, 1995 Tex.Sess.Law Serv. 2734, 2750 (Vernon) (clarifying that failure by the trial judge to inform a defendant of the consequences of a violation of the terms of deferred adjudication probation is not grounds for reversal unless the defendant demonstrates harm). Section 5(b) provides that if a

defendant violates the terms of deferred adjudication probation, he is entitled to a hearing for the limited purpose of determining whether to adjudicate guilt, but the defendant may not appeal this decision by the trial court to adjudicate guilt. TEX.CODE CRIM. PROC.ANN. art. 42.12 § 5(a) (Vernon Supp. 1995).

However, contrary to appellant's assertion, during the plea hearing, he was admonished by the trial court that if he violated the terms of his probation he was "giving up just about any right of appeal." Specifically, the following discussion occurred between appellant and the court:

> THE COURT: The court understands you intend to petition it for what's called a deferred adjudication type probation. Have you talked that over with your lawyer? Has he explained its advantages and disadvantages
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: If the court grants you this type probation, you understand the disadvantages are, number 1, **you're giving up just about any right of appeal you may have.** Number 2 and more importantly, the court is not bound by any term of years of probation involved. If you violate this probation, the court could then give you life in the penitentiary. Do you understand that? (emphasis added).
>
> [APPELLANT]: Yes, sir.

Thus, the court informed appellant that his right to appeal was limited.

In addition, even if the trial court's admonishment was insufficient because it did not specifically state how appellant's right to appeal was limited, the error was harmless. When a defendant is not properly admonished under section 5(a) of article 42.12, we are to reverse only if the error was not harmless. *See Martinez*, 906 S.W.2d at 655 (holding that error in trial court's failure to admonish the defendant was harmless); *Price v. State*, 890 S.W.2d 478, 483 (Tex. App.—Dallas, 1994, no pet.) (opinion on remand) (same). Appellant contends that he was harmed because he was not aware of the full consequences of his plea before starting his deferred adjudication period. The record does not support this contention either.

In addition to the admonishment given by the trial court that his right to appeal was severely limited, appellant was repeatedly asked during the plea hearing and the hearing on the terms of his probation if he had questions and whether he understood what deferred adjudication meant. He was also asked if he had discussed the matter with his attorney. In each instance, appellant responded affirmatively. Based on a review of the record, we find that appellant was either adequately admonished about the limitation on his ability to appeal the trial court's decision to adjudicate guilt or any deficiency in the admonishment was harmless. We overrule appellant's second point of error.

The judgment of the trial court is affirmed.