**The STATE of Texas, Appellant,**

v.

**Phillip Wayne KERSH, Appellee.**

No. 14–98–00855–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 31, 1999.

---

Stephen Morris, Houston, for appellant.

Kimberly Aperauch Stetler, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and WITTIG.

## OPINION

MAURICE E. AMIDEI, Justice.

Appellee, Phillip Wayne Kersh, was charged with possession of a controlled substance. *See* TEX. HEALTH § SAFETY CODE ANN. § 481.115(a) (Vernon 1996). He pleaded guilty, the trial court deferred adjudication, and the State subsequently moved to adjudicate guilt. The trial court found appellee guilty and sentenced him. The State brings this appeal, contending the trial court illegally sentenced appellee. We reverse and remand.

Appellee was charged by indictment with possession of a controlled substance, a felony. *See id.* § 481.115(d). The indictment also contained two enhancement paragraphs concerning previous felony convictions. Appellee pleaded guilty to the indictment and true to the enhancement paragraphs. The trial court found the enhancement paragraphs were true, deferred a finding of guilt, and placed appellee on community supervision. Four years later, appellee violated his probation, and the State moved to adjudicate his guilt. The trial court found appellee had violated the terms of his probation and sentenced him without regard to his previous plea or its findings regarding the enhancement paragraphs.

In its sole point of error, the State contends the trial court erred in sentencing appellee to an unenhanced punishment range. A penalty assessed within the range of punishment established by the

legislature will not be disturbed on appeal. *See Flores v. State*, 936 S.W.2d 478, 478 (Tex.App.—Eastland 1996, pet. ref'd).

 The range of punishment for appellee's crime, enhanced by two previous felony convictions, is set by the Texas Penal Code:

> If it is shown on the trial of a felony offense ... that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX. PEN.CODE ANN. § 12.42(d) (Vernon 1994). The trial court may defer an adjudication of guilt under Texas Code of Criminal Procedure art. 42.12 § 5(a).[1] The trial court noted in its findings, however, that "there is no mechanism for deferring a finding of true or not true on enhancement paragraphs where the court has determined to defer an adjudication of guilt and placed the defendant on probation." Consequently, it did not consider the enhancement provisions in fashioning a sentence.

 After an appellant enters a guilty plea, the trial becomes a unitary proceeding, and the issues of guilt and punishment cannot be separated. *See Washington v. State*, 893 S.W.2d 107, 108–09 (Tex.App.—Dallas 1995, no pet.). For example, the time in which a defendant may withdraw his guilty plea is the same as the time in which he may withdraw his plea of true. *See id.* Similarly, a defendant's waiver of her fifth amendment right not to incriminate herself during the guilt-innocence phase also applies to the punishment phase. *See Carroll v. State*, 975 S.W.2d 630, 632 (Tex.Crim.App.1998). Accordingly, if guilt and punishment cannot be separated, it is illogical to say that a trial court can defer judgment on guilt but not defer a finding on an enhancement provision. In addition, several other opinions have upheld sentences including enhanced punishment after the trial court deferred adjudication. *See, e.g., Ray v. State*, 919 S.W.2d 125, 126 (Tex.Crim.App.1996); *Fisher v. State*, 921 S.W.2d 814, 815, 817 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd); *Ward v. State*, 906 S.W.2d 182, 183, 185 (Tex.App.—Austin 1995, pet. ref'd).

The court essentially bifurcated the issues of guilt and punishment when it determined the enhancement provisions could not apply. In fashioning a sentence, it assessed punishment which was not within the statutory range for a felony committed by a habitual offender. Consequently, the trial court erred in assessing punishment. We sustain the State's sole point of error and reverse and remand this matter for further proceedings consistent with this opinion.

DON WITTIG, Justice, dissenting.

The only issue we face is jurisdiction. Appellant's appeal is insufficient to confer jurisdiction on this court under TEX.CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp. 1998). Section (b) provides "the state is entitled to appeal a sentence in a case on the ground that the sentence is illegal." *Id.* However, despite the State's assertion, appellee's *sentence* is not illegal. In *State v. Webb*, 980 S.W.2d 924 (Tex.App.—Fort Worth 1998, pet. granted), the court defined an illegal sentence as "against or unauthorized by law." *Id.* at 926. The trial court's assessment of ten years punishment is neither against nor unautho-

---

1. Under sec. 12.42, the punishment is absolutely fixed. *See State v. Garza*, 824 S.W.2d 324, 326 (Tex.App.—San Antonio 1992, pet. ref'd). A trial court cannot ignore this statute and assess probation. *See id.* Nonetheless, some courts have done so. *See e.g., Ward v. State*, 906 S.W.2d 182, 183, 185 (Tex.App.—Austin 1995, pet. ref'd). Further, the State does not appeal the trial court's decision to assess probation.

rized by law. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon 1992); TEX. PEN.CODE ANN. § 12.33 (Vernon 1994).

In recent years, the legislature has narrowed rather than broadened its definition of "sentence." *See State v. Ross,* 953 S.W.2d 748, 750 (Tex.Crim.App.1997). In *Ross,* the court interpreted "sentence" as "nothing more than the portion of the judgment setting out the terms of punishment." *Id.* The court rejected the State's assertion in *Ross* that a deadly weapon finding is part of a sentence. As noted by our Court of Criminal Appeals, the "sentence" once encompassed the entire judgment but was significantly narrowed so that it now only includes "that part of the judgment order[ing] that the punishment be carried into execution in the manner prescribed by law." *See id.* at 751 (quoting TEX.CODE CRIM. PROC. ANN. art. 43.02). The "sentence" is affected by almost everything in the judgment, such as a deadly weapon finding. The fact of a shoplifting versus a capital murder finding greatly impacts the sentence, "[y]et, to consider any of these findings as part of the 'sentence' disregards the fact that the legislature has narrowed, not broadened, the definition of 'sentence.'" *Id.* at 752. And so too our trial court's refusal to *find* enhancements, for whatever reason, is not part of the narrowly defined sentence even though such refusal *impacts* the sentence.

Similarly, the failure of the trial judge to apply the enhancement paragraphs in assessment of punishment involves a procedural aspect of sentencing, not the sentence itself. In *State v. Baize,* 981 S.W.2d 204 (Tex.Crim.App.1998), the court noted "the Court of Appeals may look behind the State's facial allegation of what it is appealing" to determine whether it is actually appealing a sentence and not another issue. *Id.* at 206. In *Baize,* the State appealed, as an illegal sentence under article 44.01(b), the trial court's decision to grant appellee's request to withdraw his election for jury assessment of punishment. The court held that even if the trial court's means of assessing punishment was not authorized, that does not automatically make the punishment itself, or its assessment, illegal. *Id.* Such an appeal is properly characterized as an appeal of the procedure leading to assessment of punishment, not an appeal of the sentence. *Id.* The present case reveals that same situation. The State is actually appealing the trial court's refusal to find or incorporate the enhancement paragraphs in the assessment of punishment, a procedural aspect of sentencing, not the sentence itself. Accordingly, appellee's sentence is, from yet another vantage point, not illegal, and we have no jurisdiction.

Even under the broader definition of "sentence" urged by the State, the sentence imposed by the trial court was legal under the terms of his original conviction, i.e., appellant got the time for the crime committed. The trial court properly adjudicated appellant's guilt, and there can be *no* appeal from that adjudication. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(b); *Hardeman v. State,* 981 S.W.2d 773, 776 (Tex.App.-Hous.(14 Dist.) 1998, pet.granted), i.e., there cannot be "any appeal" by any party. The majority correctly noted, the State did not appeal the trial court's decision to assess probation or other prior proceedings, which could be appealable.

Which brings me to the challenging observation made by the veteran trial judge, Michael McSpadden. He stated in his conclusions of law:

> That the defendant's prior plea and the Court's prior finding of true are void, because a finding of true or not true is premature where a finding of guilt is deferred and a defendant is placed on *probation.* (emphasis added)

> That the Trial Court was prevented from making a subsequent finding of true because there is no mechanism for deferring a finding of true or not true on enhancement paragraphs where the Court has determined to defer an adjudication of guilt and placed the defendant on *probation.* (emphasis added.)

It should be noted first that community supervision may not be ordered if the term of imprisonment exceeds ten years. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 3(e)(1). This is precisely our situation. Similarly, article 42.12 clearly states its purpose is to remove from existing statutes the limitations that act as barriers to effective community supervision. However, this issue is well beyond the dispositive jurisdictional inquiry, save to observe that, if correct, once again the trial court's sentence, in the broader sense, is well within legal bounds.[1]

The majority cites several cases in which the court assessed punishment in the range of life, or 25 to 99 years, by including findings of true to enhancement paragraphs following a hearing to revoke deferred adjudication. *See Ray v. State,* 919 S.W.2d 125, 126 (Tex.Crim.App.1996) (deals with necessary admonishment); *Fisher v. State,* 921 S.W.2d 814, 815, 817 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd) (deals with voluntariness of plea and necessary admonishments); *Ward v. State,* 906 S.W.2d 182, 183–185 (Tex.App.—Austin 1995, pet. ref'd) (once again dealing with voluntariness of plea and admonishments). The majority cites no authority however, involving the State's jurisdictional basis for this appeal or dealing with the dispositive issue of "sentence."

The majority exemplifies its own error by stating, "the (trial) court erred in assessing its punishment." The legislature has constricted our review more narrowly than the judgment itself and minutely down not to punishment assessment, but the sentence itself. Should we then not follow our own precedent and "dismiss a direct appeal of a decision to adjudicate"? *See Hardeman,* 981 S.W.2d at 776. I would dismiss the State's appeal for want of jurisdiction.

---

1. The trial judge presents for the legislature (or the courts in a proper case) the consideration of the interworkings of community service with sentence suspension, deferred adjudication, and what some courts call probated deferred adjudication or probation. Note also that a suspended sentence shall not exceed ten years, exactly as found and ordered below. *See* TEX.CODE CRIM. PROC. ANN. art. 42.08(a).