IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1868-99






THE STATE OF TEXAS, Appellant



v.



PHILLIP WAYNE KERSH





ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY






Holcomb, J., filed a dissenting opinion.




OPINION




 I respectfully dissent. Although I agree with the majority that the court of appeals did not err in
taking jurisdiction of the State's appeal, I conclude that the court of appeals erred when it held that the trial
court assessed an illegal sentence.

 I begin my discussion with a review of the relevant facts: On March 28, 1994, a Harris County
grand jury returned an indictment charging appellee, Phillip Wayne Kersh, with possession of less than 28
grams of methamphetamine, a controlled substance. At that time, possession of less than 28 grams of
methamphetamine was a felony of the second degree under Texas Health and Safety Code § 481.112 . 
The grand jury also alleged, for purposes of punishment enhancement, that appellee had two prior felony
convictions, one for burglary of a building and one for possession of methamphetamine. (1)

 On July 27, 1994, appellee, after being admonished as to the applicable range of punishment, pled
guilty to the offense charged and pled "true" to the punishment enhancement allegations. The trial court
found the State's evidence sufficient to substantiate appellee's guilt of the offense charged, but the court
deferred an actual finding of guilt and placed appellee on probation for ten years. See Tex. Code Crim.
Proc. art. 42.12, § 5(a). The trial court also found the punishment enhancement allegations to be true. 

 On January 12, 1998, the State filed a motion to revoke appellee's probation and proceed with
an adjudication of his guilt. The State's motion alleged, in relevant part, that appellee violated the terms
of his probation by "failing to obtain prior permission from the court ... before changing his place of
residence" and by failing to attend an alcohol and drug abuse treatment program.

 On June 26, 1998, the trial court held a hearing on the State's motion to revoke. At that hearing,
the following colloquy occurred:

 The Court: First of all, let's discuss the habitual standing at this time. [Mr. Prosecutor],
you may proceed as far as the State's -

 

 Prosecutor: Yes. We would ask the Court to take judicial notice of the Court's file and
all the papers contained in the file, including the plea papers and the admonishments. We
would show the Court that on the date of the original plea, when the defendant was
granted deferred adjudication, he was admonished on the range of punishment, that being
25 years to 99 years or life as a habitual.

 We would further show that the defendant pled true to two enhancement
paragraphs and that those enhancement paragraphs were found to be true by the Court at
that time. Therefore, Judge, we would ask the Court to sentence the defendant to some
period of prison time between 25 years and 99 years or life.

 Thank you.

 

 The Court: Do you have any response, [Defense Counsel]?

 

 Defense Counsel: Judge, I don't disagree with the factual allegations that the State has
made. But, the very terms of Article 42.12 [of the Texas Code of Criminal Procedure],
it says in chronological order under Section 5 that the judge may, after receiving a plea of
guilty or nolo contendere, hearing the evidence and finding that it substantiates the
defendant's guilt, defer further proceedings without entering an adjudication of guilt and
place the defendant on community supervision [i.e., probation].

 It doesn't give any statutory authority for the Court to defer findings of true or
pleas of true. I'm saying that it gives the Court the authority to defer a finding of guilt and
then when it revokes - or whatever - adjudicates guilt, to sentence for the offense that he
put the defendant on deferred adjudication for, so that the range of punishment in this case
should be two and twenty.

 

 The Court: The Court agrees. The Court will use the range of punishment between two
and twenty years. The Court will not consider the enhancement paragraphs in this case.

 

 Prosecutor: Just for the record, Your Honor, we would respectfully object on the basis
that any sentence below 25 years would be an illegal sentence, and we would ask the
Court to sentence him between 25 years and life.

 

 The Court: That will be overruled.


 Shortly thereafter, appellee pled "true" to the allegations in the State's motion, and the trial court
found the allegations to be true. (2) The trial court then proceeded to find appellee guilty of the offense
originally charged - possession of less than 28 grams of methamphetamine - and sentenced him to
imprisonment for ten years.

 On July 24, 1998, the trial court entered the following conclusions of law into the record:

 "1. That the defendant's prior plea [of true] and the Court's prior finding of true are void,
because a finding of true or not true is premature where a finding of guilt is deferred and
a defendant is placed on probation.

 

 "2. That the Trial Court was prevented from making a subsequent finding of true because
there is no mechanism for deferring a finding of true or not true on enhancement paragraphs
where the Court has determined to defer an adjudication of guilt and place the defendant
on probation.

 

 "The Court therefore finds that defendant's conviction for possession of methamphetamine
cannot be enhanced, and that the range of punishment for this primary offense is two to
twenty years."


 The State appealed under Article 44.01(b) of the Texas Code of Criminal Procedure, arguing that
"[t]he trial court erred in sentencing Appellee [within] an unenhanced range of punishment." The Fourteenth
Court of Appeals agreed, explaining that, "[a]fter [a defendant] enters a guilty plea, the trial becomes a
unitary proceeding," and, therefore, "it is illogical to say that a trial court can defer judgment on guilt but
not defer a finding on an enhancement provision." State v. Kersh, 2 S.W.3d 636, 638
(Tex.App.-Houston [14th Dist.] 1999). Justice Wittig argued in dissent that the State's appeal should be
dismissed for want of jurisdiction. Id. at 638-640 (Wittig, J., dissenting).

 Appellee subsequently filed a petition for discretionary review, in which he argued that (1) the court
of appeals erred in taking jurisdiction of the State's appeal and (2) the trial court acted within its discretion
when it refused to consider appellee's pleas of "true" to the punishment enhancement allegations. We
granted appellee's petition to determine whether the court of appeals erred.

 I agree with appellee that his sentence was not illegal. My conclusion is based on two 
considerations. First, in my view, the trial judge in this case - the Honorable Michael T. McSpadden, a
seasoned jurist - had the inherent authority to refuse, in the interests of justice, to consider appellee's pleas
of "true" to the punishment enhancement allegations. (3) Judge McSpadden could have reasonably
concluded that the punishment range for an habitual offender - 25 to 99 years or life - was inappropriate
in appellee's case, since his offense (possession of a small quantity of methamphetamine) and his previous
offenses (burglary of a building, possession of methamphetamine) were all non-violent and his violations
of the terms of his probation were relatively minor (failing to get permission before changing residence,
failing to attend a drug treatment program).

 Second, I agree with the trial court that its original finding of "true" to the punishment enhancement
allegations, a finding which is reflected in the record, was premature, because at the time the trial court
made that finding, it had not yet adjudicated appellee guilty of the primary offense. Stated another way,
punishment enhancement provisions only come into play after a finding of guilt. While, in my view, Judge
McSpadden could have utilized the punishment enhancement paragraphs at the adjudication hearing based
upon appellee's previous pleas of "true," Judge McSpadden was not required by law to do so.

 For these reasons, I would reverse the judgment of the court of appeals and affirm the judgment
of the trial court.


DELIVERED FEBRUARY 4, 2004

PUBLISH

1. At the time of the offense, Texas Penal Code § 12.33(a) provided:


 An individual adjudged guilty of a felony of the second degree shall be punished by
confinement in the Texas Department of Corrections for any term of not more than 20
years or less than 2 years.


However, Texas Penal Code § 12.42(d) provided:


 If it be shown on the trial of any felony offense that the defendant has previously been
finally convicted of two felony offenses, and the second previous felony conviction is for
an offense that occurred subsequent to the first previous conviction having become final,
on conviction he shall be punished by confinement in the Texas Department of
Corrections for life, or for any term of not more than 99 years or less than 25 years.
2. Notably, appellee did not renew his previous pleas of "true" to the punishment enhancement
allegations.
3. This authority is analogous to a jury's unquestioned authority to refuse, in the interest of
justice, to consider evidence of guilt.