AFFIRM; Opinion Filed November 14, 2012.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-11-00817-CR

---

### TOMMY EDWARDS III, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 195th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F08-59764-N

---

## OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Myers

Appellant Tommy Edwards III appeals from an adjudication of guilt. In only one issue, he argues the trial court erred by admitting State's exhibit number four, which contained audio recordings of five telephone calls that appellant made from the jail. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

Appellant pleaded guilty to aggravated assault with a deadly weapon pursuant to a written plea agreement. He also signed a judicial confession. On June 8, 2009, the trial court deferred adjudication and, pursuant to the plea agreement, placed appellant on deferred adjudication probation for eight years and imposed a $2500 fine.

On March 1, 2010, the State filed a motion to revoke probation or proceed to an adjudication

of guilt. On June 11, 2010, appellant pleaded true to all of the allegations in the motion except "q," which involved failing to stay away from the complainant. The trial court denied the motion to proceed with an adjudication of guilt, imposing a term of ninety days in jail. On September 9, 2010, the court modified appellant's probation to add two additional conditions: participation in a "Community Control Program/High Risk caseload" and a "Cognitive Behavioral Program."

On September 29, 2010, the State filed a second motion to revoke probation or proceed to an adjudication of guilt. The State alleged that, on June 8, 2009, during the term of his supervision, appellant violated condition "q" in that he "failed to stay away from [complainant] Natasha Edwards, having contact by telephone and internet/facebook." On June 17, 2011, appellant entered an open plea of true to the motion to revoke or adjudicate. By this point, appellant and the complainant, who had been married, were divorced. Appellant signed a judicial confession stating that he "committed these further violations" as alleged in the State's motion to revoke or adjudicate: "Contact by telephone and internet/facebook before filing of motion on 9/28/2010." After hearing the evidence, the court adjudicated appellant's guilt, sentenced him to twenty years in prison, and imposed a $2500 fine.

During the hearing on the State's second motion to revoke or adjudicate, after appellant pleaded true to a violation of a condition of his probation, the parties presented their evidence. Appellant's sister, Tomisha Edwards, testified that appellant had exhibited disturbing behavior even before their father had killed their mother in a church parking lot in 2006. Tomisha recalled that appellant had "always" threatened to kill her, their brother, their mother, and their mother's mother since Tomisha was twelve years old. Their mother was afraid of appellant, her son, saying he had "turned into his father" and that she could not trust him. Appellant told Tomisha that he hated the complainant and wanted to kill her, that he did not understand why he married her, and that "he just

hates everything about her." He also told Tomisha that he understood why their father killed their mother, "and he said he was just like his dad." Tomisha did not doubt appellant would carry out his threat to kill the complainant, saying, "He will kill her. No doubt in my mind."

Other evidence presented at the hearing showed that, on September 25, 2010, appellant sent the complainant several threatening text messages. In one of those messages, appellant threatened to kill the complainant and another individual. Appellant also sent the complainant a photograph of a tattoo on his neck that contained the complainant's name, Tasha, followed by the letters "R.I.P." Later that day, the complainant filed a police report based on the text messages. The complainant spoke to a Dallas Police Officer, Felicia Malone, about the threatening text messages, and Malone recalled that the complainant "was very shaky" and "was looking around like she was paranoid like somebody was going to jump out and do something to her." The text messages were admitted into evidence as State's exhibits six through ten.

The trial court also admitted State's exhibit four, a CD containing audio recordings of five telephone calls that appellant made from the jail from October 2010 to March 2011, over appellant's relevance objections. Three of those calls were made to appellant's cousin;[1] two were to the complainant. When the State initially offered exhibit four, defense counsel objected that it was not relevant. The prosecutor told the court the evidence was relevant because the "calls also substantiate the allegations that he's accused of, and it goes to character and considerations that this Court needs to take into consideration when it plans the punishment of this defendant." The trial court replied that it "didn't see the relevance, to be honest with you. He pled true." The court admitted the exhibit for record purposes, at the prosecutor's request.

---

[1] According to Tomisha, the telephone number actually belonged to appellant's grandmother.

Towards the end of Tomisha's testimony, the State offered exhibit four for all purposes save for the two telephone calls that had been made to the complainant, which were not yet authenticated. Defense counsel again objected based on relevance, arguing that "[w]hatever calls are on this disk are not relevant to this proceeding." The trial court overruled the objection, explaining, "They will be admissible, and the objection is overruled. And the Court will determine what weight is to be given based on the circumstances, if any." Later, during the complainant's testimony, the State offered exhibit four in its entirety. Defense counsel lodged another relevance objection, which the court overruled. The telephone calls were played for the trial court during the complainant's testimony. In the recorded conversations, appellant can be heard threatening to kill the complainant, her mother, her children, and complaining about the representation provided by his attorney and the State's plea offer.

Appellant testified at the June 17, 2011 hearing. Appellant admitted he had a tattoo on his neck that read "Tasha," followed by the letters "R-I-P." But he denied that the tattoo meant he wanted his ex-wife to "rest in peace," and that it only referred to the end of their relationship. Appellant admitted that he had said he was going to kill the complainant, and that he swore on his mother's grave he would kill her. Appellant testified, however, that he "was angry at the time" and "didn't mean it." He also acknowledged that he had put the complainant's clothes in the bathtub of her apartment and set them on fire. Appellant was on probation for that offense.

## DISCUSSION

In his only issue, appellant argues that the jail telephone calls, recorded from October of 2010 to March of 2011, were "irrelevant and prejudicial" to the adjudication proceeding "because they were made after the date of contact alleged in the motion to adjudicate," which was June 8, 2009. Appellant cites rules 401 and 403 of the Texas Rules of Evidence. *See* TEX. R. EVID. 401, 403.

-4-

An appellate court reviews a trial court's ruling on the admission of evidence for an abuse of discretion. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). Only if the court's decision lies "outside the zone of reasonable disagreement" will we conclude an abuse of discretion occurred. *Id.*

Appellant pleaded true to one or more of the allegations in each of the two adjudication proceedings. A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Duncan v. State*, 321 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Jeffries v. State*, No. 05-11-00069 & 70-CR, 2012 WL 3517314, *2 n.1 (Tex. App.—Dallas Aug. 16, 2012, no pet.) (mem. op., not designated for publication). When, as in this case, the defendant enters a plea of true at an adjudication hearing, the proceeding becomes a unitary proceeding to determine the remaining issue of punishment, and the introduction of testimony enables the fact finder to intelligently exercise its discretion in the assessment of punishment. *See Carroll v. State*, 975 S.W.2d 630, 631-32 (Tex. Crim. App. 1998); *State v. Kersh*, 2 S.W.3d 636, 638 (Tex. App.—Houston [14th Dist.] 1999), *aff'd on other grounds*, 127 S.W.3d 774 (Tex. Crim. App. 2004); *Jeffries*, 2012 WL 3517314, at *2.

Article 37.07 of the code of criminal procedure provides:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to *any matter* the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

-5-

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (emphasis added). Section 3(a) is generally construed broadly. *See, e.g., Muhammad v. State,* 46 S.W.3d 493, 505 (Tex. App.—El Paso 2001, no pet.); *Taylor v. State,* 970 S.W.2d 98, 102-03 (Tex. App.—Fort Worth 1998, pet. ref'd); *Mock v. State,* 848 S.W.2d 215, 225 (Tex. App.—El Paso 1992, pet. ref'd). The court of criminal appeals has noted "that the definition of 'relevant,' as stated in Rule 401 of the Texas Rules of Evidence, does not readily apply to Article 37.07." *Sims v. State,* 273 S.W.3d 291, 295 (Tex. Crim. App. 2008); *see also* TEX. R. EVID. 401. What is "relevant" to a punishment determination is anything that will assist the fact-finder in determining an appropriate sentence for a particular defendant in a particular case. *See Sims,* 273 S.W.3d at 295; *Erazo v. State,* 144 S.W.3d 487, 491 (Tex. Crim. App. 2004).

Appellant's plea of true converted the adjudication hearing into a unitary proceeding. *See Kersh,* 2 S.W.3d at 638. The only remaining issue was punishment. *See Carroll,* 975 S.W.2d at 631. Although appellant contends the trial court erred by admitting the recorded jail telephone calls, the threatening comments appellant made in those telephone calls were relevant to the issue of punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1); *Carroll,* 975 S.W.2d at 631-32. Appellant's reliance on rule 401 is therefore misplaced. Furthermore, the trial court's implicit determination that the probative value of the disputed evidence was not substantially outweighed by the danger of unfair prejudice or confusion of the issues was within the "zone of reasonable disagreement." *See* TEX. R. EVID. 403; *see also Williams v. State,* 958 S.W.2d 186, 195 (Tex. Crim. App. 1997) (we presume trial court engaged in required balancing test once rule 403 is invoked, and court's failure to conduct balancing test on the record does not imply otherwise); *McGregor v. State,* No. 01-10-01085-CR, 2012 WL 3244196, at *23 (Tex. App.—Houston [1st Dist.] 2012, Aug. 9, 2012, no pet.) (we will uphold trial court's ruling on rule 403 balancing test, whether explicit or

implied, if it is within zone of reasonable disagreement). Because the challenged evidence was relevant under article 37.07, we cannot say the trial court abused its discretion by overruling appellant's objection. We resolve appellant's issue against him.

We affirm the trial court's judgment.

_____
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110817F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TOMMY EDWARDS III, Appellant

No. 05-11-00817-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 195th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
F08-59764-N).
Opinion delivered by Justice Myers, Justices
Moseley and Fillmore participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered November 14, 2012.


_____
LANA MYERS
JUSTICE