

# In the Court of Criminal Appeals of Texas

---

No. WR-96,457-01

---

EX PARTE ANDRES GARCIA,

*Applicant*

---

On Application for Writ of Habeas Corpus
Cause No. W-2325698-A in the 204th District Court
From Dallas County

---

YEARY, J., filed a dissenting opinion.

Texas Penal Code Section 12.425(a) provides: "If it is shown on the trial of a state jail felony . . . that the defendant has previously been finally convicted of two state jail felonies . . ., on conviction the defendant *shall* be punished for a felony of the third degree." TEX. PENAL CODE § 12.425(a) (emphasis added). Is this provision mandatory? Does it apply in deferred adjudication cases? Can a trial court ignore or modify

previous findings of "true" to enhancement paragraphs?

The Court, today, declines to answer these questions. Instead, it decides that "the trial court lacked the authority to vacate its judgment adjudicating guilt[,]"stating that a trial court's authority only "extends up to thirty days after the imposed sentence begins." Majority Opinion at 3. But that is problematic, because—if the statute is mandatory and applies in deferred adjudication cases—Applicant's 180-day sentence might be illegal, given that it was outside the range of punishment for a third-degree felony. *See* TEX. PENAL CODE § 12.34(a) (requiring punishment by imprisonment for *at least two years* but not greater than ten). And if the sentence is illegal, then the trial court might maintain authority to subsequently assess a proper punishment because the original sentence is void. So, this Court's conclusion that "the trial court lacked the authority to vacate its judgment adjudicating guilt" might be premature.

Accordingly, I would file and set this case to address the proper application of Section 12.425(a) of the Texas Penal Code in a written opinion, including a determination of whether the original judgment in this case imposed an illegal sentence. And if it was illegal, we should decide whether a sentence that is void divests a trial court of its plenary jurisdiction. Because the Court does not, I respectfully dissent.

## I. BACKGROUND

In February of 2024, Applicant confessed and pled true to possession of a controlled substance—Penalty Group 1/1-B—less than one gram—a state jail felony. He also pled true to, and the trial court found to be true, two prior state-jail-felony-enhancement paragraphs,

increasing the range of punishment to a third-degree felony. TEX. PENAL CODE § 12.425(a). The trial court then deferred a finding of guilt and placed Applicant on two years of deferred-adjudication community supervision.

Subsequently, in May of 2024, the State moved to adjudicate Applicant's guilt and revoke his community supervision. Then, on October 1, 2024, pursuant to a plea agreement between Applicant and the State, the trial court adjudicated guilt, revoked Applicant's community supervision, and assessed punishment at 180 day's confinement—which is outside the range of punishment established for a felony of the third degree. Notably, before assessing Applicant's punishment at less than the law requires for a third-degree felony, the trial court did nothing expressly to undo its previous findings of true to the enhancement allegations.

On January 6, 2025, Applicant filed an application for writ of habeas corpus because he remained in custody, even though his 180-day sentence should have discharged around November 13, 2024. Applicant explained that he was informed that the plea agreement would not be honored. Indeed, on January 7th—the day after Applicant filed his writ application—the trial court vacated its October 1st judgment as void. Subsequently, the State withdrew its motion to proceed with an adjudication of guilt, and the trial court modified the conditions of Applicant's community supervision and extended the term for a period of two years. It appears that the trial court thus recognized that the judgment was illegally lenient and attempted to implement a proper punishment.

After Applicant filed his writ application, the State responded—arguing that this Court does not have jurisdiction over Applicant's writ application because the judgment is not final, given that Applicant was placed back on community supervision. *See* TEX. CODE CRIM. PROC. 11.07(3)(a); *Ex parte Payne*, 618 S.W.2d 380, 381 (Tex. Crim. App. 1981) (noting that a conviction is not final when an applicant is on probation). Further, it argued that the trial court was permitted to vacate the original judgment because that judgment was illegal and thus void. *See Mizell v. State*, 119 S.W.3d 804, 805–07 (Tex. Crim. App. 2003).

## II. ILLEGAL SENTENCE?

This Court has said that, if a sentence is not authorized by law, the sentence is "illegal" or "void[.]" *Ex parte Pena*, 71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002) (citing *Ex parte Johnson*, 697 S.W.2d 605, 606–07 (Tex. Crim. App. 1985)). This includes a sentence that is illegally lenient. *Cooper v. State*, 527 S.W.2d 898, 899 (Tex. Crim. App. 1975) (citing *Ex parte Hill*, 528 S.W.2d 125 (Tex. Crim. App. 1975)); *Mizell*, 119 S.W.3d at 806. When a judgment is void, the Court has said, it "is a nullity from the beginning, and is attended by none of the consequences of a valid judgment." *Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001) (quoting *Ex parte Spaulding*, 687 S.W.2d 741, 745 (Tex. Crim. App. 1985) (Teague, J., concurring)). Indeed, the judgment is "entitled to no respect whatsoever because it does not affect, impair, or create legal rights." *Id.* In fact, the Court has explained, a "court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence[,]" and Texas law has never "prevented *any* court with jurisdiction over a criminal case from noticing and

correcting an illegal sentence." *Mizell*, 119 S.W.3d at 806.

In pertinent part, Texas Penal Code Section 12.425(a) states: "If it is shown on the trial of a state jail felony . . . that the defendant has previously been finally convicted of two state jail felonies . . ., on conviction the defendant *shall* be punished for a felony of the third degree." TEX. PENAL CODE § 12.425(a) (emphasis added). And "an individual adjudged guilty of a felony of the third degree *shall* be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years." TEX. PENAL CODE § 12.34(a) (emphasis added). Although the word "shall" is not always given mandatory effect, "the presumption is that it is [used] in the imperative, and not [in merely] a directory,[1] sense." *McLaren v. State*, 82 Tex. Crim. 449, 453, 199 S.W. 811, 812 (1917); *see also Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999) ("We generally construe the word 'shall' as mandatory[.]").

While this Court has never addressed whether Section 12.425(a) is mandatory, it has held that other habitual offender statutes that utilize the word "shall" are mandatory. *State v. Allen*, 865 S.W.2d 472, 474 (Tex. Crim. App. 1993). For example, in *State v. Allen*, this Court held that Section 12.42(d) of the Penal Code, which requires a greater punishment upon the showing of a prior offense, was mandatory. *Id.* There, the trial court had found two enhancement paragraphs "true," but nevertheless imposed punishment for a Class A misdemeanor—

---

[1] A directory requirement is "[a] statutory or contractual instruction to act in a way that is advisable, but not absolutely essential — in contrast to a mandatory requirement." *Directory Requirement,* BLACK'S LAW DICTIONARY 578 (12th ed. 2024).

despite "findings of habitual felon status" under Section 12.42(d). *Id.* at 473. Even though another statute, Section 12.44(a) of the Texas Penal Code, provided a trial court some degree of discretion in punishing a defendant who is convicted of a state jail felony, this Court held that "[o]nce a finding of true as to the enhancement paragraphs has been made, the 'punishment is absolutely fixed' by law." *Id.* at 474 (quoting *Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Crim.App.1981), *cert. denied*, 454 U.S. 840, 102 S. Ct. 149, 70 L.Ed.2d 123 (1981)). So, at least with respect to Section 12.42(d), once prior felony convictions are found to be true, the statute restricts a trial court's discretion regarding sentencing. *Id. See also Donaldson v. State*, 476 S.W.3d 433, 439 (Tex. Crim. App. 2015) (["O]nce a finding of true as to the enhancement paragraphs has been made, 'the punishment is absolutely fixed by law.'") (quoting *Harvey*, 611 S.W.2d at 111).

Some courts of appeals have also held that mandatory habitual offender statutes apply in the deferred adjudication setting. *See State v. Kersh*, 2 S.W.3d 636, 638 (Tex. App.—Houston [14th Dist.] 1999), *aff'd on other grounds*, 127 S.W.3d 775 (Tex. Crim. App. 2004); *Pierce v. State*, No. 05-23-00315-CR, 2024 WL 3857570, at *5 (Tex. App.—Dallas Aug. 19, 2024, no pet.) (not designated for publication). For example, in *State v. Kersh*, the court of appeals held that a trial court erred when it assessed a punishment outside the statutory range for a felony committed by a habitual offender. *Kersh*, 2 S.W.3d at 638. There, the appellee had pled guilty to an indictment, and the trial court found two enhancement paragraphs "true" before deferring a finding of guilt and placing the appellee on community supervision. *Id.* at 637. Nonetheless,

after the State moved to revoke, the trial court sentenced the appellee without regard to the previous "true" findings to the enhancement paragraphs. *Id.* The court of appeals reversed, explaining that a trial becomes a unitary proceeding after a guilty plea is entered, so the "issues of guilt and punishment cannot be separated." *Id.* at 38 (citing *Washington v. State*, 893 S.W.2d 107, 108–09 (Tex. App.—Dallas 1995, no pet.)). *See also Pierce*, 2024 WL 3857570, at *5 (["W]hen the trial court later adjudicated Pierce's guilt, the mandatory operation of Section 12.42(d) restricted the trial court's discretion in sentencing and required a minimum sentence of twenty-five years.").

Here, Applicant's sentence might be illegally lenient—given that the trial court ignored the previously-found-to-be "true" enhancement paragraphs. Applicant received a sentence of 180 days, which is unquestionably below the two-year minimum required by Section 12.34(a) of the Texas Penal Code. Given the presumption that the word "shall" is imperative, this Court should at least take the time to explain why that presumption should not apply before it grants relief. Further, the mandatory operation of the word "shall" in other habitual offender statutes like Section 12.42(d) suggests that the statute here ought to be construed as mandatory.

The Court's opinion currently makes no mention of whether the statute might be mandatory. Given that illegal sentences are void from their inception, this Court should arguably refrain from ordering enforcement of a potentially void, illegal sentence without explicitly deciding that it is not, in fact, void. Of course, it is at least possible that the Court might determine that Section 12.425(a) does not apply in cases

of deferred adjudication. But again—the Court makes no such declaration. Instead, it simply orders enforcement of the sentence without considering the real possibility that doing so might be mistaken. Especially because courts of appeals have applied similar statutes to deferred adjudication cases, this Court should take the time to address the issue.

Simply put, it is still entirely possible that Applicant's sentence is illegal and void. If it is, in light of statements made in this Court's precedents as well as others made in opinions of the courts of appeals, it would be prudent to slow down and consider these precedents before requiring the enforcement of such an illegal sentence. The Court should file and set this case to address the questions that have emerged about Section 12.425(a) and its proper application to this case.

## III. TRIAL COURT ERROR?

Next, assuming for the sake of argument that the original sentence imposed in this case *was* illegal, another issue arises that should also be addressed. The Court says that, "[a]bsent a timely-filed notice of appeal from a judgment adjudicating guilt, a trial court's authority over a criminal case extends up to thirty days after the imposed sentence begins." Majority Opinion at 3. But because illegal sentences are void, it is possible that the trial court did not err to vacate the original judgment and assess a proper punishment, *regardless of how long after* the judgment was entered. Put another way, assuming this Court decides that the original sentence imposed in this case was illegal, we must still the determine whether the trial court erred to vacate it and assess a proper punishment beyond the thirty days that

would otherwise have signified the end of its plenary power.

Typically, in cases in which an illegal sentence has been imposed, trial courts have been permitted to assess a new, lawful punishment *sua sponte*. *Cooper*, 237 S.W.2d at 899. For example, in *Cooper v. State*, this Court upheld a trial court's modification of an illegal sentence. *Id.* There, just a few days after sentencing a defendant to four years of confinement, the trial court discovered that the sentence fell below the statutory minimum of five years. *Id.* at 898. Upon making that discovery, the trial court conducted a subsequent hearing, set aside the original punishment and sentence, assessed punishment at five years, and entered a judgment reflecting the new five-year sentence. *Id.* This Court explained that because the trial court was not authorized to assess a four-year punishment in the first instance, that punishment was void. *Id.* at 899. And, because the sentence was void, "the trial court acted properly and within his authority in assessing a lawful punishment at the subsequent hearing." *Id.*

In some other instances, trial courts have also been permitted to assess a lawful punishment even *later than thirty days after* an imposed sentence began. *See, e.g., Villarreal v. State*, 590 S.W.2d 938, 938–39 (Tex. Crim. App. 1979). For example, in *Villarreal v. State*, this Court upheld a trial court's modification of an illegally lenient sentence that occurred nearly five months after the initial punishment was assessed. *Id.* There, the appellant had entered a plea of guilty for burglary of a building, which was a second-degree felony. The trial court treated the offense, however, as a Class A misdemeanor and assessed an illegally lenient sentence. *Id.* at 938. Then, nearly five months later, the State

moved to reopen punishment, arguing that the prior judgment was void, and the trial court granted that motion. *Id.* Despite the appellant's argument that the State's motion was tantamount to a motion for new trial (which would have been untimely), this Court determined that the initial punishment was void and, relying in part on a since-repealed provision in the Code of Criminal Procedure, this Court held that the trial court had authority to enter a proper judgment. *Id.* at 939. The Court clarified that, "[i]f a punishment is void, assessment of a proper punishment is not a correction." *Id.* It also cited to *Cooper* for the proposition that, because the original sentence was void, the trial court did not err in subsequently assessing a lawful punishment. *Id.* (citing *Cooper*, 527 S.W.2d at 899).

Here, assuming the sentence is illegal, it is at least possible that the trial court might have retained jurisdiction to assess a proper punishment. This Court should file and set the case to assess that possibility. *Cooper* clearly indicates that trial courts have authority to assess a proper punishment *sua sponte*. And *Villarreal*'s reliance on *Cooper* arguably indicates that a trial court retains the authority to assess a proper punishment—even after it would typically have lost its plenary jurisdiction.[2]

It seems to be a well settled axiom that an illegal sentence is void and has no legal effect. The Court suggests that a trial court's jurisdiction "extends up to thirty days after the imposed sentence begins." Majority Opinion at 3. But if a sentence is void, does the

---

[2] To be sure, *Villarreal* did not explicitly discuss jurisdiction, but it certainly seems to have permitted the assessment of a proper punishment more than thirty days after the sentence "began."

sentence ever truly begin?  Perhaps a trial court only loses its plenary jurisdiction thirty days after entering a judgment imposing a *legal* sentence. In light of the Court's proposed disposition in this case, seemingly ignoring its own prior precedents relating to illegal sentences, it might be jurisprudentially significant for us to address that here, in a written opinion.

## IV. CONCLUSION

Because the legality of Applicant's sentence is unclear, this Court should file and set the case to determine whether the sentence was illegal. Particularly, we should address whether Section 12.425(a) of the Texas Penal Code is mandatory and, if so, whether it applies in deferred adjudication cases. Doing so will dictate the proper next steps. If the sentence is legal, Applicant is likely entitled to specific performance of his plea agreement, as the Court holds. But if it is illegal, we must decide whether a void sentence divests a trial court of its plenary jurisdiction after thirty days. Because the Court grants relief without answering these predicate questions, and thus premises its conclusion on the assumption that the trial court necessarily erred to vacate a potentially illegal sentence, I respectfully dissent.

**FILED:**                                                                April 23, 2025
**PUBLISH**